## 36532. HUNT v. THE STATE.

CARLISLE, J. 1. It is well established that the grant or refusal of a mistrial is largely within the discretion of the trial court and that the appellate courts will not disturb the trial court's judgment in such matters in the absence of an abuse of discretion. *Worthy* v. *State*, 184 *Ga.* 402 (191 S. E. 457).

2. "Upon the trial of one charged with keeping and maintaining a lewd house, it is competent to show the reputation for lewdness of other inmates of the house; but proof of the defendant's reputation for lewdness is not admissible over objection when the defendant's character has not been put in issue by the defendant. While the reputation of the inmates may illustrate or corroborate pertinent testimony to the effect that the house is maintained for purposes of prostitution, the character of the accused is, as in a trial for other crimes, presumably good, and not to be questioned in the first instance by the prosecution." *Ward* v. *State*, 14 *Ga. App.* 110 (2) (80 S. E. 295).

3. Where one of the prosecuting witnesses has testified that he is familiar with the reputation of a house in which the defendant is residing and

that reputation is one of ill repute. and upon being asked how long he has known such house to have such a reputation, such witness voluntarily replies that he has known of or heard of the defendant, at which point the court sustained an objection to the impending reply and counsel for the defendant thereupon moves for a mistrial upon the ground that the defendant's character has been placed in issue, which the trial court merely overrules, we think the trial court erred in its refusal of the mistrial. The evil effect of this volunteered intimation as to the defendant's bad character could not possibly have been erased from the minds of the jurors by the mere overruling of the motion for a mistrial, and the trial court abused its discretion in refusing the mistrial and the superior court erred in overruling the petition for certiorari based upon such· ground. See in this connection *Cofield* v. *State*, 14 *Ga. App.* 813 (82 S. E. 355); *Stanley* v. *State*, 94 *Ga. App.* 737 (96 S. E. 2d 195), and cit.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JANUARY 18, 1957.

*Francis Y. Fife,* for plaintiff in error.

*Paul Webb, Solicitor-General, John I. Kelley, Solicitor, Robert O'Neil, E. L. Tiller,* contra.