### 20313. HARRIS *v.* THE STATE.

ARGUED JANUARY 15, 1959—DECIDED FEBRUARY 6, 1959—
REHEARING DENIED MARCH 6, 1959.

Carpenter, Karp & Mathews, A. Tate Conyers, Robt. Carpenter, for plaintiff in error.

Paul Webb, Solicitor-General, Frank French, Eugene L. Tiller, Eugene Cook, Attorney-General, Rubye G. Jackson, Deputy Assistant Attorney-General, contra.

DUCKWORTH, Chief Justice. ■ The first amended ground complains of an excerpt from the charge on conspiracy, wherein the court stated that, if the jury found certain facts, then the defendant would be guilty of a conspiracy. It is not contended that the charge incorrectly charged upon what constitutes conspiracy, but the solitary complaint is to the words "guilty of a conspiracy." The criticism is predicated upon the fact that a conspiracy is not a crime in this State. The fallacy of the argument lies in the fact that it is not necessary for a conspiracy to be a crime in order for one to be guilty of a conspiracy. One may be guilty of doing innumerable things none of which is a crime. For illustrations, one might be guilty of repeating a rumor, or offending a neighbor, or scolding a child. The charge on conspiracy is full, complete, and sound, and reflects a keen understanding of the subject on the part of the trial judge. The cases of *Bishop* v. *State*, 118 *Ga.* 799 (45 S. E. 614), and *Annis* v. *State*, 85 *Ga. App.* 188 (68 S. E. 2d 473), cited by the movant in support of this ground, correctly hold that there is no such crime as conspiracy but they have no relevancy here and con-

stitute no support for the complaint in this ground. The charge is sound and this ground is without merit.

The other amended ground is urged with great earnestness, and counsel have cited much law in an effort to have this ground sustained. Indeed we have found it exceedingly difficult to reach a judgment on this ground. Briefly stated, it excepts to the ruling denying a timely motion for a mistrial based upon the ground that, having testified that an incriminatory statement by the accused was made without hope of reward or fear or threats— thus making it prima facie admissible—a policeman witness then related the alleged statement; but under cross-examination he admitted that, although he told the accused he could not help him, he did tell him he would tell the judge that he had co-operated with the officers and it would be up to the judge what would be done for the accused. This evidence was ruled out in its entirety. Then in the regular charge the judge again referred to it as follows: "Gentlemen of the jury, certain testimony was introduced by the State relative to an alleged incriminatory statement made by the defendant to a witness for the State. This testimony was objected to by the defendant, but was allowed by the Court at the time it was offered. Subsequently, it was made to appear that this testimony was inadmissible and prejudicial to the defendant, and the Court withdrew such testimony from the consideration of this jury, and instructed you gentlemen not to consider such testimony, and to disabuse your minds completely of the effect of such testimony. However, I charge you that if you or any one of you should find that it is impossible for you to completely reject such testimony in your consideration of this case, it would be your duty to inform the court to that effect, and you would not be authorized to find the defendant guilty under such circumstances." Counsel for the movant cite *Hall* v. *State*, 65 *Ga.* 36; *McDonald* v. *State*, 72 *Ga.* 55; a special concurrence in *Campbell* v. *State*, 155 *Ga.* 127, 130 (116 S. E. 807); *Fitzgerald* v. *State*, 184 *Ga.* 19 (190 S. E. 602); *Glenn* v. *State*, 205 *Ga.* 32 (52 S. E. 2d 319); *Thompson* v. *State*, 12 *Ga. App.* 201 (76 S. E. 1072); *Jenkins* v. *State*, 73 *Ga. App.* 515 (37 S. E. 2d 230); *Felton* v. *State*, 93 *Ga. App.* 48 (90 S. E. 607); *Ralls* v. *State*, 87 *Ga. App.* 655 (75 S. E. 2d

26); *Hunt* v. *State*, 94 *Ga. App.* 889 (96 S. E. 2d 641); and 20 Am. Jur. 454, § 534; all of which in varying degrees declare that, when a confession or other hurtful evidence is erroneously introduced and allowed, and it is not possible for instructions by the judge to free the minds of the jury from such evidence, it is error to refuse to grant a motion for mistrial. We recognize that principle of law and would apply and follow it here if the facts of this case rendered it applicable. Certainly neither time nor money is valuable enough to justify an unlawful conviction of anyone no matter how guilty he may be. And we would not hesitate to order a new trial here, even though the evidence is so overwhelming as to his guilt that his counsel have waived the general grounds, if in our opinion he has been denied a trial free from errors of law. All that is required by law to render proof of an incriminatory statement of the accused prima facie admissible under Code § 38-411 is proof that it was voluntary, without being induced by another by the slightest hope of benefit or remotest fear of injury. *Bradberry* v. *State*, 170 *Ga.* 859 (154 S. E. 344); *Downs* v. *State*, 208 *Ga.* 619 (68 S. E. 2d 568). When the State meets the requirement of producing evidence showing prima facie that the statement was freely and voluntarily made, it becomes admissible. If by cross-examination or by other evidence the accused shows it was not voluntary, it then becomes a question for the jury to decide under proper instruction as to whether or not it was freely and voluntarily made. *Coker* v. *State*, 199 *Ga.* 20 (33 S. E. 2d 171); *Morris* v. *State*, 200 *Ga.* 471 (37 S. E. 2d 345); *Brown* v. *State*, 203 *Ga.* 218 (46 S. E. 2d 160); *Garrett* v. *State*, 203 *Ga.* 756 (48 S. E. 2d 377); *Jones* v. *State*, 204 *Ga.* 761 (51 S. E. 2d 831); *Phillips* v. *State*, 206 *Ga.* 418 (57 S. E. 2d 555).

To the testimony that neither the witness nor anyone else did or said anything in the way of offering hope or reward, or making any threats to the accused, objections were made that it was a conclusion of the witness. Obviously the objections were without merit. The statement of the accused was in substance that he would tell the truth and tell who the others were if he was allowed to talk to his lawyer; that, when told that the others would be turned out of jail, he requested that they be held, but

when he talked to his lawyer, he refused to tell anything. While by inference these statements might tend to incriminate the accused, yet they by no means refer to his guilt and were no more than grounds to suspect his guilt. They would hardly inflame the jury against him. But since the sole ground upon which it is contended that the statements were inadmissible and upon which the court ruled them out is the testimony on cross-examination of the same witness who on direct examination had testified that they were freely and voluntarily made without hope of reward or fear of punishment, that he told the accused that he would tell the court that the accused "helped us and he did co-operate with us and then it would be up to the judge," it is likely the jury hearing this contradictory testimony of the policeman witness would have discredited his testimony which purported to relate statements made by the accused. Certainly testimony of a witness thus demonstrated to be false in some portions is not calculated to have had much weight with the jury. But the judge promptly ruled it out and instructed the jury to disregard it, and not to let it have any influence whatsoever upon their minds in passing upon the guilt or innocence of the defendant. Then, in his charge, the very capable and experienced judge further instructed the jury that, if "anyone of you should find that it is impossible for you to completely reject such testimony in your consideration of this case, it would be your duty to inform the court to that effect, and you would not be authorized to find the defendant guilty under such circumstances." Only mentally incompetent or morally dishonest jurors could or would have rendered a guilty verdict because of the testimony ruled out after receiving these instructions. There is no merit in this ground. Since there is no merit in either of the amended grounds and the general grounds are waived, the judgment denying the amended motion for new trial must be

*Affirmed. All the Justices concur, except Wyatt, P. J., and Almand, J., who dissent. Mobley, J., concurs in the judgment.*