## 51023. HUNNICUTT v. THE STATE.

BELL, Chief Judge.
Defendant was convicted of driving while under the influence of intoxicants. He appeals contending that the trial court erred in not directing a verdict of acquittal and erred in imposing a suspension of his motor vehicle operator's permit as a part of the adjudged sentence. *Held:*

1. Immediately after a jury was selected and sworn, defendant moved for a directed verdict of acquittal. The contention was that on November 6, 1974, defendant made demand on the state for a list of the witnesses that would appear against him at trial; that since no list had been furnished no witness could be permitted to testify for the state to prove the accusation over his objection; and therefore since the state could offer no evidence defendant was entitled to a directed verdict of acquittal. Defendant objected on this ground to the testimony of the two witnesses for the state, the two arresting officers. The whole purpose of Code § 27-1403 requiring the furnishing of a list of witnesses on demand is to insure that a defendant is not confronted at trial with testimony against him from witnesses whom he has not had the opportunity to interview prior to trial. *Hicks v. State,* 232

Ga. 393, 399 (207 SE2d 30). Noncompliance with provisions of this statute by the state does not entitle a defendant to a directed verdict of acquittal. His available remedies are for a continuance or a mistrial. See *Davis v. State,* 135 Ga. App. 203. Defendant made no motion for continuance or for mistrial. To the contrary, he reiterated to the trial court that he was ready to proceed with trial. Thus, under these circumstances he waived any error as to his right to obtain a list of the state's witnesses. Notwithstanding, we believe that the record shows at least substantial compliance with this statute. The defendant made his demand on November 6, 1974. The record shows that on this same date the defendant and his counsel signed or affixed their signatures to a formal waiver of arraignment and entry of a plea of not guilty on the accusation. Immediately above their signatures appears a list of witnesses for the state. These listed individuals were the only witnesses who gave testimony at the trial. This entry shows that the defendant and his counsel were made aware of these witnesses for the state. Certainly, the defendant had ample opportunity, more than two months after the arraignment, to interview them prior to trial. The trial court did not err in denying the motion for directed verdict of acquittal.

2. It is contended that the court exceeded its statutory authority in suspending the defendant's license to operate a motor vehicle for six months, which formed a part of the adjudged sentence. The 1974 Uniform Rules of the Road Act amended Code Title 68A. Ga. L. 1974, p. 633. The authorized punishments for driving under the influence of alcohol under the amended Act do not include suspension of the violator's license. Code § 68A-902 (c). But neither did its predecessor, Code § 68-9927, which the 1974 Act specifically repealed. Ga. L. 1974, pp. 633, 697. But Code § 92A-9908, which was originally enacted in 1937 (Ga. L. 1937, pp. 322, 348), specifically authorized a trial court to suspend the license of a defendant on his conviction "of driving a motor vehicle while intoxicated, or driving a motor vehicle while engaged in a felony, or deliberately, wilfully or negligently violating any traffic law of this State, or any municipality thereof, . . ." The 1974 Uniform Rules of the

Road Act contains a customary general repealer section that "all laws and parts of laws in conflict with this Act are hereby repealed." Ga. L. 1974, pp. 633, 699. The question is whether there was a repeal by implication. Repeal by implication is not favored and if the later Act does not embrace the whole subject matter of the prior Act and is not entirely repugnant to it, the court should apply a construction that will give the two statutes concurrent efficacy. *Lewis v. City of Smyrna,* 214 Ga. 323 (104 SE2d 571). There is no repugnancy between the two statutes. Code § 68A-902 (c) provides for punishment by means of a monetary fine and imprisonment and is completely silent on the suspension of a license. Secondly, it authorizes penalties only for the specific offenses of driving under the influence of alcohol or drugs or under their combined influence. It does not cover driving a vehicle while engaged in a felony, or violation of every municipal or state traffic law as does Code § 92A-9908. There was no repeal by implication. The suspension of defendant's operator's license was lawful.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

ARGUED SEPTEMBER 16, 1975 — DECIDED SEPTEMBER 22, 1975.

*David W. Griffeth, Henry T. Swann, III,* for appellant.

*Ken Stula, Solicitor,* for appellee.