## 35955. HAYNES v. THE STATE.

CLARKE, Justice.

Appellant appeals his conviction for the murder of Robert Harris Madaris. The conviction came at the third trial for the same offense which followed two previous mistrials. In the first trial, the state failed to list a necessary witness on the witness list provided to appellant pursuant to Code Ann. § 27-1403. At the beginning of the trial, appellant's counsel objected to the unlisted witness being allowed to testify. The court offered to order a continuance to enable appellant to interview the witness and to gather any information necessary for impeachment. The court also offered to grant a mistrial. Appellant refused to agree to a continuance or to a mistrial but, rather, insisted that the state be required to proceed without the witness in question. Rather than allowing the witness to testify or forcing the state to proceed without the witness, the court declared a mistrial to which appellant objected. In the second trial, the jury was unable to reach a verdict and therefore another mistrial was declared. Following the

third trial, a verdict of guilty was returned by the jury.

The sole question before this court is whether the trial court erred in failing to bar further prosecution of appellant after his first trial ended in a mistrial. Appellant contends further prosecution would subject appellant to double jeopardy within the meaning of the Fifth Amendment to the Constitution of the United States, Code Ann. § 1-805, and the Constitution of the State of Georgia, Code Ann. § 2-115.

The Fifth Amendment to the Constitution of the United States, made applicable to the states through the Fourteenth Amendment, provides: ". . . nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb . . ." The Constitution of the State of Georgia at Art. I, Sec. I, Par. XV, Code Ann. § 2-115, provides: "No person shall be put in jeopardy of life or liberty more than once for the same offense, save on his, or her own motion for a new trial after conviction, or in case of mistrial." The threshold question to be addressed in any case involving double jeopardy is whether jeopardy has attached to defendant during the proceedings which he contends preclude further prosecution. It is well settled that jeopardy attaches when a jury is impaneled and sworn. Illinois v. Somerville, 410 U. S. 458 (93 SC 1066, 35 LE2d 425) (1973); Cornero v. United States, 48 F2d 69 (9th Cir. 1931). Once the jury has been impaneled, the court may not discharge the jury from giving a verdict unless there is a case of ". . . manifest necessity for such an act, or the ends of public justice would otherwise be defeated." United States v. Perez, 22 U. S. (9 Wheat.) 579 (1824). The most common reason for discharge of a jury prior to verdict is that the jury is unable to reach a verdict. Under these circumstances, there is no bar to a subsequent trial of the defendant for the same offense. Id. The United States Supreme Court has long recognized the discretion of a trial judge to declare a mistrial and to permit the retrial of the defendant when the ends of justice would be best served by such action. Further, the court has ". . . consistently declined to scrutinize with sharp surveillance the exercise of that discretion." Gori v. United States, 367 U. S. 364, 368 (81 SC 1523, 6 LE2d 901) (1960). The granting of mistrial upon defendant's own

motion never acts as a bar to further prosecution. This is true even if the defendant's motion for mistrial is necessitated by error of the prosecutor or of the court. United States v. Dinitz, 424 U. S. 600, 606-608 (96 SC 1075, 47 LE2d 267) (1976).

Although the decision whether to grant a mistrial is the decision of the trial judge, and he alone determines what facts would authorize the granting of a mistrial, *Stocks v. State,* 91 Ga. 831, 839 (18 SE 847) (1893), the discretion of the trial judge is not unbridled. "[T]he strictest scrutiny is appropriate when the basis for the mistrial is the unavailability of critical prosecution evidence, or when there is reason to believe that the prosecutor is using the superior resources of the State to harass or to achieve a tactical advantage over the accused." Arizona v. Washington, 434 U. S. 497, 508 (98 SC 824, 54 LE2d 717) (1978). Where the prosecutor begins his case without sufficient evidence to convict and the court grants a mistrial over defendant's objection, defendant's plea of former jeopardy should be sustained should the state attempt to call the case again. Downum v. United States, 372 U. S. 734 (83 SC 1033, 10 LE2d 100) (1962). In cases in which there is no manifest necessity for aborting a trial rather than using other less drastic remedies to cure problems, in the absence of defendant's motion for a mistrial, the granting of a mistrial is an abuse of discretion. United States v. Jorn, 400 U. S. 470 (91 SC 547, 27 LE2d 543) (1971).

The rule that only "manifest necessity" justifies a mistrial in the absence of defendant's motion for mistrial indicates that a consideration of alternative remedies is highly important. We find that the trial court here carefully considered alternative remedies. Code Ann. § 27-1403 provides: "Without the consent of the defendant, no witness shall be permitted to testify for the State whose name does not appear upon a list of witnesses as furnished to the defendant unless the solicitor or prosecuting attorney shall state in his place that the evidence sought to be presented is newly-discovered evidence which the State was not aware of at the time of its furnishing the defendant with a list of the witnesses." This language has been interpreted as authorizing ". . . the sanction of

exclusion of the witnesses' testimony but same is not mandatory where the trial judge in his discretion determines that the defendant can be protected by some other form of relief." *Davis v. State,* 135 Ga. App. 203, 207 (217 SE2d 343) (1975). Noncompliance by the state with the provisions of Code Ann. § 27-1403 does not entitle defendant to a directed verdict of acquittal. Rather, remedies available for defendant are a continuance or a mistrial. *Hunnicutt v. State,* 135 Ga. App. 774, 775 (219 SE2d 22) (1975).

The trial judge having initially offered to give defendant whatever time he required to confer with the witness in question and to subpoena other witnesses for impeachment, defendant asked for a continuance for one day. When court reconvened following this one-day continuance, defendant announced that he was not ready to proceed and was unable to tell the court when he would be ready to proceed. Under these circumstances, the court did not abuse its discretion in granting a mistrial. Because defendant would not agree to a continuance of some reasonable and finite length, defendant essentially forced the mistrial, and his actions should be considered akin to a motion for mistrial. Accordingly, further proceedings against defendant were not barred by the constitutional prohibition against double jeopardy. The conviction of defendant is affirmed.

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs in the judgment only.*

ARGUED FEBRUARY 12, 1980 — DECIDED
MAY 7, 1980 —
REHEARING DENIED MAY 27, 1980.

*McAllister & Roberts, J. Dunham McAllister,* for appellant.

*Robert E. Keller, District Attorney, James W. Bradley, Jack T. Wimbish, Jr., Assistant District Attorneys, Arthur K. Bolton, Attorney General, Nicholas G. Dumich, Staff Assistant Attorney General,* for appellee.

HILL, Justice, concurring in the judgment.

According to the testimony, defendant was indicted for the murder of Robert Madaris and a witness list including the name of the victim's brother, Dale Madaris, was furnished to the defense with the indictment. The first indictment was nol prossed and a subsequent indictment was returned. The witness list furnished to the defense on the second indictment erroneously failed to include Dale Madaris' name. As the witness began to testify, the defense objected on the basis of Code Ann. § 27-1403. The trial court suspended the witness until the state could provide the defense with any information it had regarding the witness and until the defense could interview the witness. The state noted that it had already furnished the defense with a transcript of a statement the witness had made to the police.

The trial court recessed early on the first day, in order to give defense counsel ample time to interview the witness. Although the defense conceded that an early recess might suffice, the defense renewed the objection to having the witness testify at all. The court excused the jury at 4:30 p.m., at which time a hearing was held to determine what to do about the witness. The trial court indicated that he would order a continuance, stating to the defense, "Now if you think that you need a half day or a day or two days or a month or whatever time you think is necessary to properly prepare yourself knowing what this witness is expected to testify to and to give you an opportunity to subpoena any witnesses that you may need to counteract what you anticipate or what the state anticipates this witness is going to testify to, the court wants to make that time available to you." The defense responded that it had "two preliminary matters" and the trial court recessed the hearing until 9 a.m. the next morning. The state offered to make the witness available to the defense that evening, but the defense failed to question him.

The next morning the defense asked for a ruling on the motion to disqualify the witness, and the trial court reiterated that he would grant a continuance or a mistrial, whichever the defense wanted, and sustained a defense objection to entering in evidence a copy of the prior indictment, nol prossed on a technicality. He did

admonish the defense counsel for his continued objection to the witness testifying at all, feeling that because of the prior indictment the defense was not entirely surprised by the calling of the witness. The defense then moved for a continuance for at least a day to obtain possible criminal records of the witness. After the state offered to furnish the defense with an FBI report on the witness, containing a possibly impeachable offense in another county, the defense was not satisfied and the requested continuance was granted. The third day a mistrial was declared when it appeared to the court that the defense was still not willing to proceed.

Here, the trial court exercised sound discretion, keeping the rights of the defendant clearly in the forefront of his decision. The trial court considered alternative remedies and employed the use of a continuance as long as reasonably possible to give the defense time to adequately prepare. See Cherry v. Director, State Board of Corrections, 613 F2d 1262 (5th Cir. 1980). Because the facts indicate a patient attempt by the trial court to pursue other reasonable alternatives prior to granting a mistrial, I concur in the judgment.