## 61166. FARLEY v. THE STATE.

POPE, Judge.

Appellant David Farley, a 16-year-old male, was found by the Juvenile Court of Putnam County to have committed delinquent acts consisting of two burglaries and an armed robbery and was placed on adult status and transferred to the superior court for trial. The jury returned a verdict of guilty on all charges and he appeals. We affirm.

1. Appellant enumerates as error the finding of the trial court that his confession was freely and voluntarily given. Testimony at the Jackson-Denno hearing discloses that Farley was picked up by the

sheriff's department based on the description of a victim which the sheriff thought fit Farley. This victim, an elderly woman living alone, stated that late one night she heard a noise on her porch and steps coming into her house. She asked who was there and somebody said "David." She tried to close the door but the intruder, brandishing a meat cleaver, pushed it open and demanded money. She gave him her purse and he left. She described the perpetrator as a young, black male wearing a bright blue or aqua shirt.

Sheriff Resseau of the Putnam County Sheriff's office had seen Farley that day prior to the robbery dressed in jeans and a bright blue or aqua "Kiss" teeshirt; when the incident was reported, he thought the perpetrator could be Farley and had appellant and his mother brought in for questioning. After being read his Miranda rights the appellant was questioned and confessed to this burglary and armed robbery and the burglary of another residence. Both he and his mother signed the confession. The mother accompanied authorities to her home where she helped them find a blue shirt of appellant's, which was identified by the sheriff as the one worn by Farley that day. Farley led authorities to where he had disposed of some of the contents of the purse. The victim was shown a photographic lineup but could not identify appellant from the pictures she was shown. She also stated that even if she could make an identification she would not do so because she was scared.

Appellant contends that the confession was coerced and induced because sheriff's authorities told him the victim had identified him when in fact she had not and because a deputy sheriff told his mother if Farley cooperated he would be treated as a juvenile and "the juvenile case would be throwed out." However, the mother's testimony was at best confused and inconsistent; the deputy testified that when appellant asked him what would happen to him if he confessed, the deputy replied that this would be up to the judge. While the victim did not identify Farley from the photographic lineup, an identification was made based upon her description and the personal knowledge of the sheriff. Under the totality of the circumstances, the trial court did not err in finding that by a preponderance of the evidence the confession was voluntary. Accord, *Fowler v. State,* 246 Ga. 256 (271 SE2d 168) (1980); *Dawson v. State,* 153 Ga. App. 130 (265 SE2d 74) (1980); *Daniel v. State,* 150 Ga. App. 798 (2) (258 SE2d 604) (1979).

2. Allowance in evidence of appellant's blue "Kiss" shirt was not erroneous. Even though the victim was not sure it was the same shirt worn by the intruder, the sheriff positively identified it as the shirt worn by Farley on the day of the incident when he was taken into custody on another juvenile complaint.

3. Appellant contends the meat cleaver was improperly admitted in evidence because the state failed to connect it with the accused. We do not agree. The state introduced evidence showing that Farley had a friend who owned a car that could be cranked without a key and that the friend kept a meat cleaver in his car. Farley claimed in his statement that the friend drove him to the sites of the burglaries. The friend and his father testified that the car was missing one morning around the date of the burglaries but turned up later that day abandoned by the side of the road near their house with the meat cleaver in it. They did not report the car as stolen since it was found. This evidence was submitted for whatever weight the jury wished to give it and was sufficient to connect the weapon with the appellant. Accord, *West v. State,* 146 Ga. App. 120 (3) (245 SE2d 478) (1978).

4. Appellant complains of failure to grant his motion for mistrial because of testimony of a deputy sheriff that when shown the meat cleaver recovered from his friend's car, Farley stated it was the weapon he had used. The assistant district attorney stated in her place that all reports from the sheriff's office, including this information, had been turned over to the defense pursuant to his motion. This was corroborated by a deputy sheriff. The court denied the mistrial but sustained the objection to admission of this evidence and admonished the jury: "Disregard, insofar as your consideration to this case, any reference that the witness may have made to the identification of State's Exhibit No. 2, the meat cleaver, by the defendant. Do not consider that in any shape, form or fashion in arriving at your verdict in this case." Under these circumstances no harm occurred and the motion for mistrial was properly denied. *Harris v. State,* 214 Ga. 739 (2) (107 SE2d 801) (1959).

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

Decided April 7, 1981.

*Jesse Copelan, Jr.,* for appellant.
*Joseph H. Briley, District Attorney, Sallie Rich Jocoy, Assistant District Attorney,* for appellee.