## A90A0434. LOVE v. THE STATE.

(393 SE2d 520)

BANKE, Presiding Judge.

The appellant was convicted of driving under the influence, in violation of OCGA § 40-6-391 (a) (1), driving with a blood-alcohol concentration in excess of .12 grams, in violation of OCGA § 40-6-391 (a)(4), and emerging from an alley or private drive without stopping, in violation of OCGA § 40-6-144. During the trial, he objected to the introduction of the results of a police intoximeter test which had been administered to him following his arrest on the ground that he was prevented from exercising his right under OCGA § 40-6-392 (a) (3) to secure an independent chemical test from a qualified person of his own choosing. His sole contention on appeal is that the trial court erred in overruling this objection.

It is apparent without dispute that the appellant requested an independent blood test after taking the intoximeter, or breathalyzer, test and that he was thereafter transported to a local hospital by the officer (Deputy Dixon) who had administered the intoximeter test to him. However, he was informed by hospital personnel upon his arrival there that the charge for the test was $149 and that advance payment was required either in cash or by major credit card. The appellant testified that he had three major credit cards in his wallet but that Deputy Dixon, acting at his direction, had given the wallet to his (the appellant's) fiancee at the scene of his arrest, leaving him with only $10 in cash on his person. He was thus unable to pay the hospital's fee and was transported back to the jail without receiving a blood test. Deputy Dixon conceded that he had failed to warn the appellant ahead of time of the hospital's payment policy, even though he had been "ninety percent sure" that the appellant "wasn't going to have any blood test" due to lack of funds. Dixon further conceded that on past occasions he had given arrestees in the appellant's situation advance warning of the hospital's payment policy. *Held*:

1. We note at the outset that the court was in no event authorized to enter convictions on both DUI charges, since they were predicated on the same conduct. See *Sanders v. State*, 176 Ga. App. 869, 870 (4) (338 SE2d 5) (1985); *Fudge v. State*, 184 Ga. App. 590, 592 (6) (362 SE2d 147) (1987).

2. "OCGA § 40-6-392 (a) (3) allows one accused of driving under the influence of alcoholic beverages the right to have a chemical analysis of his blood and urine by a qualified person of his own choosing, and there is a corresponding duty on the part of law enforcement officers not to refuse or fail to allow the accused to exercise that right. *Puett v. State*, 147 Ga. App. 300 (248 SE2d 560) (1978). While it is not the officer's duty to insure the performance of an independent test, he cannot prevent a defendant from exercising his right to such a

test. *Grizzle v. State*, 153 Ga. App. 364 (2) (265 SE2d 324) (1980). The statute also states that 'justifiable failure or inability to obtain an additional test shall not preclude the admission of evidence relating to the test or tests taken at the direction of a law enforcement officer.' It is incumbent on the trial court to determine whether the failure or inability to obtain the additional test is justified. In making that determination, *the trial court must decide if, under the totality of the circumstances, the officer made a reasonable effort to accommodate the accused who seeks an independent test.* Factors to be considered include, but are not limited to, the following: (1) availability of or access to funds or resources to pay for the requested test; (2) a protracted delay in the giving of the test if the officer complies with the accused's requests; (3) availability of police time and other resources; (4) location of requested facilities, e.g., the hospital to which the accused wants to be taken is nearby but in a different jurisdiction; (5) opportunity and ability of accused to make arrangements personally for the testing." *State v. Buffington*, 189 Ga. App. 800, 801-2 (377 SE2d 548) (1989). (Emphasis supplied.)

As previously indicated, Deputy Dixon was fully aware that the appellant did not have sufficient funds to obtain a blood test at the hospital but nevertheless took him there without warning him of the hospital's advance payment policy, so as to enable him to attempt to make arrangements to secure the necessary funds. Furthermore, it is inferable from the evidence that the appellant's financial resources were such that if he had been informed ahead of time of the hospital's payment policy, he very likely would have been able to arrange for payment. Under the totality of the circumstances, we must conclude that the officer failed to make a reasonable effort to accommodate the appellant's desire for an independent chemical test and that the intoximeter test results should have therefore been excluded. Accord *State v. Buffington*, supra; *State v. Hughes*, 181 Ga. App. 464 (352 SE2d 643) (1987) (affirming exclusion of breathalyzer test results notwithstanding fact that defendant was able to obtain an independent test, where officer had refused to transport defendant to a nearby hospital of his own choosing). The appellant's convictions of driving under the influence are accordingly reversed. This reversal shall not, however, affect the appellant's conviction of emerging from an alley or private drive without stopping, the validity of which is not challenged in this appeal.

*Judgment reversed in part. Birdsong and Cooper, JJ., concur.*

DECIDED APRIL 17, 1990.

*Kenneth R. Chance*, for appellant.
*Robert W. Hunter III, Solicitor, Carl P. Dowling, Assistant So-*

*licitor*, for appellee.

