## A91A1245. GREER v. THE STATE.
(411 SE2d 121)

CARLEY, Presiding Judge.

After a jury trial, appellant was found guilty of possession of cocaine. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict.

1. Appellant enumerates the general grounds.

When the exculpatory evidence is ignored and only that which was inculpatory is considered, the jury was authorized to find that appellant, who had been sitting alone in the driver's seat of an automobile, fled upon the approach of police officers and that the officers then discovered crack cocaine on and in front of the driver's seat of the automobile which appellant had just abandoned. This was "evidence of possession sufficient to create a jury question. We conclude that ' "[t]he totality of the evidence was sufficient to connect [appellant] to the possession of the drugs. . . . (Cit.)" [Cit.]' [Cit.] . . . [Therefore], we find that the evidence was sufficient to enable a rational trier of fact to find that appellant was guilty, beyond a reasonable doubt, of possession of [cocaine]. [Cit.]" *Griggs v. State,* 198 Ga. App. 522, 523-524 (402 SE2d 118) (1991).

2. The trial court's giving of a charge on flight is enumerated as error.

Appellant relies entirely upon *Renner v. State,* 260 Ga. 515, 518 (3b), fn. 2 (397 SE2d 683) (1990), wherein the Supreme Court held that it would be error to give a charge on flight in criminal cases tried after January 10, 1991. Although appellant's trial was held before January 10, 1991, he urges that the substantive holding in *Renner* should nevertheless be followed. However, the Supreme Court having determined that its ruling was to be applied prospectively only, this court is not at liberty to give it retroactive application. There is no contention that a charge on flight was not otherwise authorized by the evidence or that the charge that was given was erroneous. Accordingly, this enumeration of error is without merit.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED OCTOBER 2, 1991.

*William A. Fears*, for appellant.

*Tommy K. Floyd, District Attorney, Gregory A. Futch, Charles E. Rooks, Assistant District Attorneys*, for appellee.