## S92A0775. ANDERSON v. THE STATE.
(418 SE2d 1)

SEARS-COLLINS, Justice.

The appellant, Terry Anderson, Jr., shot and killed James Young, Jr., as Young stood in the doorway of his home. Anderson was convicted of malice murder and possession of a firearm during the commission of a crime. He was sentenced to life imprisonment on the malice murder charge and to five years consecutive imprisonment on the firearms charge.[1] He now appeals.

On October 6, 1991, Anderson, who had been drinking, stopped by the trailer where Young lived with his girl friend, Corinne Davis. The reasons that Anderson gave for the visit were to collect a five dollar debt owed to him by one of Ms. Davis' children and to assist Ms. Davis in having one of her brothers released from jail. Anderson asked to speak privately with Ms. Davis and Young responded, "whatever you've got to say to her you can say it standing right here in front of me." An argument ensued between Anderson and Young. Young then went into a bedroom, returned with a rifle and told Anderson to leave. Several eyewitnesses testified that Young never pointed the weapon at Anderson.

Anderson left, but he remained outside by his truck, which was parked in front of Young's home. Anderson stated that he was waiting for the return of Isaac Washington, another of Corinne Davis' brothers. While waiting, Anderson retrieved a pistol from his truck. As the automobile containing Isaac Washington arrived at the trailer, Young appeared at the door of the trailer. Anderson shot Young twice as Young stood in the doorway of his home. Several eyewitnesses testified that Young was unarmed at the time of the shooting.

---

[1] The crimes were committed on October 6, 1991. Anderson was indicted on charges of malice murder and possession of a firearm during the commission of a crime on January 8, 1992. He was found guilty of both charges on February 12, 1992. Anderson filed a notice of appeal on March 10, 1992. The appeal was docketed in this court on March 27, 1992, and submitted without oral argument on May 5, 1992.

Pursuant to a pre-trial discovery motion Anderson received two memoranda of statements that he made to the police. At trial, Lt. J. W. Hall testified that Anderson stated to the police that he threw the murder weapon away. This was not reflected in the memoranda of Anderson's custodial statements and, in fact, Anderson had not thrown the weapon away.

Counsel for the defense immediately objected and made a motion for a mistrial. The motion for mistrial was denied. Instead, the trial court ruled that Lt. Hall's statement was inadmissible because it had not been provided to Anderson's counsel before trial. OCGA § 17-7-210. The judge then explained to the jury the rule of evidence contained in OCGA § 17-7-210 which prohibited the statement from being introduced as evidence and gave them the following curative instructions:

> . . . you are to disabuse your minds totally and entirely of those statements made by the Defendant to this officer that he has just related to you. Do not give it any consideration whatsoever in reaching a verdict in this case and totally disregard it altogether.

The defense later made a renewed motion for a mistrial which was also denied.

1. Anderson claims that the trial court erred in denying the motion for a mistrial and the renewed motion for a mistrial after Lt. Hall's contested testimony.

Ordinarily, it is not cause for a mistrial in a criminal case where illegal testimony is tendered but the court refuses to admit it, and instructs the jury not to consider it. *Williams v. State*, 126 Ga. App. 302, 306 (190 SE2d 807) (1972). Anderson urges that a mistrial should have been declared pursuant to *Harris v. State*, 214 Ga. 739 (107 SE2d 801) (1959). The rule in *Harris* states that it is error not to grant a motion for mistrial where inadmissible evidence is admitted into evidence and curative instructions cannot free the jury's mind of prejudice. *Harris*, supra at 742. In this case, the trial judge implicitly sustained Anderson's objection, and specifically refused to admit Lt. Hall's statement. The judge then gave proper curative instructions to nullify any prejudice to Anderson. Consequently, Anderson did not establish that the circumstances relating to this enumeration of error either violated the rule stated in *Williams*, supra, or met the criteria established by *Harris*.

2. Anderson also asserts that Lt. Hall's testimony was reversible error since the testimony was inculpatory and impeached the appellant by implying that he lied about the whereabouts of the weapon. That might be true if Lt. Hall's testimony was: 1) admitted into

evidence absent appropriate curative instructions, and 2) the sole evidence tending to show that Anderson misled the police concerning the location of the murder weapon. However, as we noted above, Lt. Hall's testimony on this matter was ruled inadmissible for use in the trial of this case, and appropriate instructions were given to the jury to negate the possibility of prejudice to the appellant. Moreover, additional independent testimony, which was properly admitted into evidence, supported the conclusion that Anderson lied about the whereabouts of the weapon and tried to conceal its location from the police.

In his signed statement, Anderson stated that he placed the weapon under his couch. A separate witness, Special Agent Ricks of the Georgia Bureau of Investigation, testified that the weapon was found wrapped in a jacket and hidden in a closet. This testimony is sufficient evidence, on its own, to support an independent conclusion that Anderson purposefully misled the police as to the location of the murder weapon; consequently, Lt. Hall's testimony, even assuming that it was before the jury, was harmless error.

Anderson goes on to cite *Greer v. State*, 201 Ga. App. 394 (411 SE2d 121) (1991), for the proposition that in a determination of harmless error, the test is not whether there was sufficient evidence upon which a defendant could be convicted but whether the evidence complained of may have influenced the jury. After researching this citation of authority, we find it contains no such proposition.

3. Having reviewed the evidence in the light most favorable to the jury's verdict, we conclude that a rational trier of fact could have found Anderson guilty beyond a reasonable doubt of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 29, 1992.

*Kirbo & McCalley, Jon V. Forehand,* for appellant.
*H. Lamar Cole, District Attorney, Charles M. Stines, Assistant District Attorney, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf, Staff Attorney,* for appellee.

