A94A0825. DOTSON v. THE STATE.
(443 SE2d 650)

BIRDSONG, Presiding Judge.

Gregory J. Dotson appeals his judgment of conviction of DUI and speeding. During direct examination appellant revealed the numerical reading of the field alcosensor test; the State moved for a mistrial which the trial court immediately granted, dismissing the jury. A new jury subsequently was selected and sworn. Appellant's counsel moved for dismissal on grounds of double jeopardy; the motion was denied. Appellant was convicted of DUI (OCGA § 40-6-391 (a) (1)), driving with an unlawful alcohol concentrate (DWUAC) (OCGA § 40-6-391 (a) (4)) and speeding.

The trial record discloses the following colloquy during the direct examination of appellant: "[Defense Counsel]: Did the officer make any statements to you? [Appellant]: Then he asked me if I had been drinking. I didn't make [a] comment at all. [Defense Counsel]: Okay. [Appellant]: Then he went and wrote the ticket. Then when he wrote the ticket he asked me would I come and take a little breath machine, a little alcosensor he had. I guess that is what he called it. I agreed because I felt like I wasn't drunk. He [sat] me in the front seat because he was driving a Mustang, one of the 5.0 state trooper Mustangs. I sat in the front seat. He pulled out the little alcosensor. I blew into it. He asked me to blow and I blew into it hard the first time. We [were] sitting there, looking at it together and it did not give a reading. So, he asked me to blow again. And I [blew] again and it did not give a reading again. So, he said try again. I [blew] again. It finally gave a reading. We sat there and looked at it. It gave a reading of *point zero 8.* [Prosecutor]: Objection, Your Honor. The results of the alcosensor aren't allowed at trial. [Court]: Let me ask the jury to go in the jury room, please. [Jury retires.] [Court]: *Are you making any other motions?* [Prosecutor]: Yes, Your Honor, I am. I am moving for a mistrial. [Court]: *Granted.* He can't do that. [Defense Counsel]: I was going to ask him the next question was it positive or not.

[Court]: You have got to train your witness not to do mistrial stuff. Now, we have lost a whole day. *We are going to start back over at 9:00 o'clock in the morning and we are going to finish in the morning.* . . . [Defense Counsel]: My very next question was going to be was it a positive reading. I am sorry. [Court]: You have got to prepare him. I am sure you told him not to mention his previous DUI's. You should have told him not to do this, too. . . . [Witnesses return.] [Court]: I have had to declare a mistrial based on statements made by the defendant on the stand. . . . [Y]our subpoenas are good starting back at 9:00 o'clock in the morning. . . . [Jury returns.] [Court]: By law the alcosensor admissions can only be positive or negative. You cannot be told the point count from the alcosensor. So, by virtue of the defendant's statement to you it necessitates based on the State's motion that I declare this a mistrial." (Emphasis supplied.) *Held*:

1. Jeopardy attached in this case. Once the jury has been impaneled and sworn, jeopardy attaches. *Morris v. State*, 262 Ga. 446, 447 (421 SE2d 524). "Retrial is permissible only if a manifest necessity existed for the declaration of the mistrial lest otherwise the ends of public justice be defeated; the existence of manifest necessity is to be determined by weighing the defendant's right to have his trial completed before the particular tribunal against the interest of the public in having fair trials designed to end in just judgments; and the decision must take into consideration all the surrounding circumstances." (Citations, punctuation and emphasis omitted.) *Bradfield v. State*, 211 Ga. App. 318, 319 (439 SE2d 100). While the trial court exercises sound discretion as to these matters, "the power of the trial judge to interrupt the proceedings on his own or the prosecutor's motion by declaring a mistrial is subject to stringent limitations." *Jones v. State*, 232 Ga. 324, 326-327 (206 SE2d 481); *Bradfield*, supra. Compare *Abdi v. State*, 249 Ga. 827 (294 SE2d 506). However, " 'manifest necessity for a mistrial can exist alongside less drastic alternatives, *so long as* the record discloses that the trial court considered alternatives *before declaring mistrial*.' " (Emphasis supplied.) *Moss v. State*, 200 Ga. App. 253, 255 (407 SE2d 477). In *Smith v. State*, 263 Ga. 782, 783 (1) (439 SE2d 483), the Supreme Court recently clarified the effect of mistrial thusly: "If a mistrial is declared without a defendant's consent *or* over his objection, the defendant may be retried only if there was a 'manifest necessity' for the mistrial. [Cits.] At a minimum, the mistrial in this case was without [appellant's] consent, and could [also] be considered over his objection." (Emphasis supplied.)

The State contends in its brief that appellant disobeyed the prior instructions of the trial court not to divulge the alcosensor reading to the jury and that this flaunting of the court's authority, in conjunction with the prohibited testimony, supports the court's granting of a mistrial. However, factual assertions in briefs unsupported by the rec-

ord cannot be considered on appellate review. *Behar v. Aero Med Intl.*, 185 Ga. App. 845, 846 (1) (366 SE2d 223). Examination of the record does not affirmatively reveal that such an instruction was given either to appellant or to the arresting officer. But the State contends that this caution was given in an unreported side-bar conference. The trial transcript of the first trial affirmatively reflects that an unreported conference was held, following an objection by appellant's counsel as to testimony by the arresting officer that a positive alcosensor reading meant appellant "had had too much to be . . . driving." However, the transcript also affirmatively reflects that the conference was attended only by the court and counsel, and was conducted out of the hearing of the jury. Thus, the record fails to support the claims of the State. Moreover, examination of the testimony of appellant reveals that during a non-responsive *narrative* account of the sequence of events leading to the obtaining of an alcosensor reading, appellant ultimately revealed the alcosensor reading of .08. The manner in which appellant testified is more consistent with an inadvertent, rather than an intentional, evidentiary infraction. Further, after questioning whether the State had any motions to make and immediately declaring a mistrial as soon as the mistrial motion was made in response to the question, the trial court admonished defense counsel as to the latter's failure for having prepared his client not to mention alcosensor test results; at no point did the trial court assert appellant or his counsel either had violated a previous court instruction or had participated in an intentional evidentiary infraction. We are satisfied that the record, as constituted, reflects appellant did not engage in an intentional evidentiary infraction and did not knowingly violate any prior instruction by the trial court not to divulge such information to the jury.

The State asserts that its ability to prosecute its case was prejudiced to the point that only the grant of mistrial would suffice to cure the taint. In particular the State argues that by appellant's testifying to an alcosensor reading of .08, he deprived the State of its fair trial right to prosecute him for having an alcohol content of .10 within three hours of being in control of a motor vehicle. Appellant was tried on three counts. The testimony regarding the alcosensor reading in no way prejudiced the State's ability to try appellant for speeding. This testimony also could not have prejudiced the State's ability to convict appellant of DUI. Pursuant to OCGA § 40-6-392 (b) (3), "[i]f there was at that time [time of authorized chemical testing] an alcohol concentration of 0.08 grams or more, it shall be presumed that the person was under the influence of alcohol, as prohibited by paragraphs (1), (2), and (3) of subsection (a) of Code Section 40-6-391." Thus, appellant's factual revelation to the jury of the .08 reading on the alcosensor constituted a judicial admission against his own interests as to the

DUI charge. The State's claim that it would be impaired in prosecuting the remaining charge of driving with an unlawful alcohol concentration is speculative at best.

Additionally, in *O'Dell v. State*, 200 Ga. App. 655, 657 (3) (409 SE2d 54), it was held that the trial court erred in entering convictions and sentencing appellant "on both DUI charges" (OCGA § 40-6-391 (a) (1), (4)) since they were predicated on the same conduct. In the case at bar, the trial court apparently tried to cure this problem merely by sentencing appellant on DUI and speeding only; however, "the court was in no event authorized to enter convictions on both DUI [OCGA § 40-6-391 (a) (1), (4)] charges." *Love v. State*, 195 Ga. App. 392 (1) (393 SE2d 520). Under the rulings in *O'Dell* and *Love*, it taxes the imagination to perceive how the State and the public were injured, even to the slightest degree, by appellant's admission that he had registered a .08 reading on the alcosensor, particularly as appellant could not have been lawfully *convicted or sentenced* legally on both the DUI and DWUAC offenses.

The record discloses that the trial court declared a mistrial immediately following the invited State's motion, and summarily dismissed the subsequent attempts by appellant's counsel to explain the inadvertence of appellant's disclosure and his proffer regarding what question he next intended to ask. The trial court gave appellant no opportunity *before* declaring mistrial either to object thereto or to present an argument as to the appropriate means of correcting the testimonial error; the attempted explanations of events by appellant's counsel precludes a finding that appellant acquiesced by silence in the ruling of the trial court. We are not prepared to rule that the conduct of counsel waived appellant's right to appeal this issue of constitutional import. "[A] waiver of the important right to appeal an adverse ruling should not be inferred unless it is clear and unmistakable." *State v. Mason*, 181 Ga. App. 806, 808 (1) (353 SE2d 915).

We conclude, based on the circumstances surrounding the granting of the mistrial motion, that the trial court erred. This case is distinguishable from *Miller v. State*, 204 Ga. App. 562, 565 (420 SE2d 12) where despite repeated instruction the defense counsel continued to inject irrelevant and prejudicial matters into the trial, and the court considered the possibility of cautionary instructions to the jury, but concluded that the conditions created by the defense made an impartial verdict impossible. Even assuming arguendo that appellant had the burden, under the attendant circumstances, of showing lack of manifest necessity, we are satisfied that such showing has been made. "Ordinarily, it is not cause for a mistrial in a criminal case where illegal testimony is tendered but the court refuses to admit it, and instructs the jury not to consider it." *Anderson v. State*, 262 Ga. 289, 290 (1) (418 SE2d 1). Moreover, where the State's witness (rather

than appellant) testified in the jury's presence as to an alcosensor reading of .12, this court has held that denial of defendant's request for mistrial was not error — which perforce carries the legal conclusion that there existed, under those circumstances, no manifest necessity for declaring a mistrial. *Whiteley v. State*, 188 Ga. App. 129 (1) (372 SE2d 296); compare *Sturdy v. State*, 192 Ga. App. 71 (383 SE2d 632). To conclude that manifest necessity existed in this case would compel trial courts in virtually every instance where illegal evidence is received to grant a mistrial motion; such a result would run contrary to the basic rule expressed in *Anderson*, supra at 290 (1). The trial court erred in denying appellant's plea of former jeopardy as there existed, as a matter of law, no manifest necessity for declaring a mistrial in this instance. Compare *Smith*, supra; *Bradfield*, supra.

2. The State's claim that appellant failed timely to raise in writing the plea of former jeopardy is without merit. No new arraignment was held between the first and second trial; it would be impossible under these circumstances for appellant to file a plea of former jeopardy before arraignment. The second trial was conducted the next morning (less than 24 hours from the termination of the first trial); the time constraint under which appellant's counsel was operating is self-evident. Further, "the failure to file a written plea of former jeopardy prior to trial will not defeat an accused's right to be free of multiple convictions for the criminal act." *McClure v. State*, 179 Ga. App. 245, 246 (345 SE2d 922); accord *Bailey v. State*, 184 Ga. App. 890, 892 (2) (363 SE2d 172); see *Bailey v. State*, 180 Ga. App. 602 (349 SE2d 822). Thus, appellant has not waived any issue of substantive double jeopardy in this case. Compare *State v. Evans*, 192 Ga. App. 216, 219-220 (384 SE2d 404) and *Redding v. State*, 188 Ga. App. 805 (374 SE2d 339).

*Judgment reversed. Cooper and Blackburn, JJ., concur.*

DECIDED APRIL 13, 1994.

*W. Henry Toler III*, for appellant.
*Ralph T. Bowden, Jr., Solicitor, Gwendolyn R. Keyes, W. Cliff Howard, Assistant Solicitors*, for appellee.