A96A1284. ALLENDER v. THE STATE.
(474 SE2d 257)

BIRDSONG, Presiding Judge.

Tina Georgette Allender filed a plea of former jeopardy to prosecutions for driving under the influence and improper lane change. Allender's plea in bar asserted that the suspension of her driver's license by the Georgia Department of Public Safety was a "prior prosecution" which placed her in jeopardy and bars further prosecution for the criminal offenses. The trial court denied Allender's plea in bar, and Allender appeals. *Held*:

1. The State concedes Georgia law allows a criminal defendant the right to a direct appeal from the denial of a plea of former jeopardy (*Young v. State*, 251 Ga. 153 (303 SE2d 431); *Patterson v. State*, 248 Ga. 875 (287 SE2d 7)), but the State seeks dismissal of this appeal as a frivolous delaying tactic by appellant. The State contends this denial of Allender's plea in bar is not subject to direct appeal because Allender's license suspension was an action taken by a state agency and there was "no prior act, judgment, plea, order, or disposition in a court of law that could be the basis for a direct appeal based upon double jeopardy." In this statement, the State confuses the order being appealed (the denial of a plea in bar for former jeopardy) with the basis for the plea in bar (the driver's license suspension by a state agency). By asserting there was "no prior act, judgment, plea, order, or disposition in a court of law that could be the basis for a direct appeal based upon former jeopardy," the State implies that the "prior act" (the license suspension) which allegedly constituted former jeopardy is the "basis for a direct appeal." In fact, the subject of this appeal is not the "prior act" of the license suspension but is the

trial court's *judgment* denying appellant's plea in bar.

The State makes this argument, in effect, to invite this Court to create a rule whereby an appeal from a denial of a plea of former jeopardy would not be subject to direct appeal if the plea itself is determined to be "frivolous and dilatory." The State contends Allender's plea of former jeopardy based on an administrative action was "frivolous and dilatory" as a matter of law because this Court has never recognized administrative driver's license proceedings as an act to which jeopardy attaches. See *Haynes v. State*, 245 Ga. 817 (268 SE2d 325). The State further contends appellant's "frivolous and dilatory" plea of former jeopardy did not divest the trial court of jurisdiction to prosecute the case (see *Rielli v. Oliver*, 170 Ga. App. 699 (318 SE2d 173)), and concludes we do not have jurisdiction of an appeal of this plea denial unless the interlocutory appeal procedures of OCGA § 5-6-34 were followed.

We decline to create such a rule. It is true that in *Rielli*, supra at 700, we held that Rielli's trial "may proceed during the pendency of the appeal from the denial of his plea of double jeopardy, which appeal will be heard and determined by this court according to the procedure generally applicable to direct appeals." However, *Rielli* was an unusual case; that appellant's plea had been specifically determined to be dilatory and frivolous, and the trial judge ordered that the trial be held on the date scheduled. Another trial judge denied Rielli's prayer for an "order of prohibition" preventing that trial; it was from that denial that Rielli's appeal was taken in 1984. At issue was the trial court's refusal to halt Rielli's trial. The trial court's refusal to halt Rielli's trial, however, must be balanced with the observation made the following year (1985) in *Hubbard v. State*, 254 Ga. 694, 695 (333 SE2d 827) that "[i]n double jeopardy claims the accused is saying, '*I may not now be tried* because I have previously been placed in jeopardy.'" (Emphasis supplied.) Such an assertion by a defendant may be true, and this is why the defendant has a right to direct appeal from a denial of a plea of former jeopardy. See *Mize v. State*, 262 Ga. 489, 493, fn. 8 (dissent) (422 SE2d 180).

We are not expressly called on here to overrule anything concluded in *Rielli*, because in this case the trial court, after denying appellant's plea, did not attempt to retain jurisdiction to try her for the criminal offenses. We are called on to create a judicial rule that a denial of a plea of former jeopardy on account of a driver's license suspension is not subject to direct appeal because such a plea is frivolous. This we cannot do, for the right of direct appeal of a denial of former jeopardy is, as even *Rielli* concedes, firmly established in *Patterson v. State*, supra.

2. We affirm the trial court's denial of appellant's plea in bar. The suspension of appellant's driver's license was not an act to which

jeopardy attached. *Haynes*, supra; *Shaw v. State*, 239 Ga. 690, 692 (238 SE2d 434); *Oliver v. State*, 216 Ga. App. 76 (453 SE2d 746); *State v. Steien*, 214 Ga. App. 345 (447 SE2d 701); *Deal v. State*, 213 Ga. App. 131 (443 SE2d 713); *Dotson v. State*, 213 Ga. App. 7, 8 (1) (443 SE2d 650).

*Judgment affirmed. Beasley, C. J., and Blackburn, J., concur.*

DECIDED JULY 24, 1996.

*Donald C. Turner*, for appellant.

*Paul L. Howard, Jr., Solicitor, Deborah W. Espy, Allison L. Byrd, Assistant Solicitors*, for appellee.