## A96A2007. McDANIEL v. THE STATE.
(479 SE2d 779)

BIRDSONG, Presiding Judge.

William Ransom McDaniel was arrested for driving under the influence in violation of OCGA § 40-6-391. The Georgia Department of Public Safety suspended appellant's Georgia driver's license. To his criminal prosecution for DUI, appellant filed a plea in bar claiming the prosecution constituted double jeopardy on account of the prior "punitive" administrative proceedings suspending his license. The trial court denied the plea in bar, and this direct appeal follows. *Held*:

We have repeatedly held that the suspension of a defendant's driver's license was not an act to which jeopardy attached. *Haynes v. State*, 245 Ga. 817 (268 SE2d 325); *Shaw v. State*, 239 Ga. 690, 692 (238 SE2d 434); *Oliver v. State*, 216 Ga. App. 76 (453 SE2d 746); *State v. Steien*, 214 Ga. App. 345 (447 SE2d 701); *Deal v. State*, 213 Ga. App. 131 (443 SE2d 713); *Dotson v. State*, 213 Ga. App. 7, 8 (1) (443 SE2d 650).

Recently, in *Allender v. State*, 222 Ga. App. 358 (474 SE2d 257), we were asked to rule that a denial of a plea of former jeopardy in a criminal prosecution for DUI following an administrative driver's license suspension *is not subject to direct appeal* because such a plea is frivolous. "This we cannot do," we held, "for the right of direct appeal of a denial of former jeopardy is . . . firmly established in *Patterson v. State*, [248 Ga. 875 (287 SE2d 7)]." *Allender* at 359 (1). We cannot hold there is no right of direct appeal of a denial of a plea in bar based on former jeopardy in a criminal prosecution following an administrative license suspension arising out of the same act; this is a legislative matter. However, in view of the fact that it is so firmly established that such a plea in bar is without merit, we can say this appeal is frivolous.

Accordingly, we hold only that the trial court did not err in denying appellant's plea in bar.

*Judgment affirmed. Beasley, C. J., and Blackburn, J., concur.*

DECIDED DECEMBER 11, 1996.

*Zimmerman & Associates, Keith F. Brandon*, for appellant.

*Jerry Rylee, Solicitor, Inez G. D'Entremont, Assistant Solicitor*, for appellee.