75873. McGARVEY v. THE STATE.
(368 SE2d 127)

BIRDSONG, Chief Judge.

This is an appeal from the denial of a plea in bar of prosecution based on former jeopardy grounds. The appellant Cormac M. McGarvey contends he cannot be tried after the trial court's declaration of a mistrial for improper remarks made by defense counsel in opening statement, inasmuch as the trial court had allowed defense counsel to make such remarks. Further, he contends he is entitled to have the indictment dismissed because of prosecutorial misconduct in refusing, until after the mistrial, to supply to the defense on request one of defendant's statements. *Held*:

1. The charge against appellant is homicide by vehicle in the second degree, arising from an event where a motorcycle policeman collided with appellant's vehicle. The mistrial controversy arose when

defense counsel advised the court he intended to argue the criminal prosecution of this misdemeanor case not involving alcohol or other egregious criminal behavior, while serious murder cases lay in backlog in superior court, was motivated by the prosecutor's political aspirations, and that he wished to call the prosecutor as witness to such a statement made to defense counsel. The parties argued the matter to the trial court, and finally the trial court said: "All right, we'll try them on the facts as they stand." Appellant's counsel took this statement to mean he would be allowed to pursue his argument, and in opening statement said: "The evidence is going to show that under these highly unusual circumstances of being here in a Grand Jury indictment for a misdemeanor that this man here, the Assistant District Attorney has ambitions and wants to do that [which] would . . . form a cohesive unit of a political base to try to put himself in step with the police forces and the law enforcement agencies to try to obtain the job of District Attorney of this Circuit."

Evidently the trial court had not meant to say appellant could make the argument re the prosecutor's political ambitions, for when the prosecution objected to any statement irrelevant to the guilt or innocence, the trial court declared a mistrial. Appellant urges that because he did not consent to the mistrial, he is being deprived of his right to one trial; and, further, that the trial court was in error in granting mistrial after allowing appellant to make the particular remarks.

The trial court did not err in denying appellant's plea in bar. In *State v. Abdi*, 162 Ga. App. 20 (288 SE2d 772), affirmed, *Abdi v. State*, 249 Ga. 827 (294 SE2d 506), we pointed out that mistrial does not bar retrial if the termination of the trial was not improper (see OCGA § 16-1-8 (b) (2)), and it is not improper if the defendant consents to the mistrial; but this does not mean termination of the trial is improper *unless* the defendant consents. To the contrary, section (e) (2) (B) of OCGA § 16-1-8 declares that the termination of a trial is not improper if "[p]rejudicial conduct in or out of the courtroom makes it impossible to proceed with the trial without injustice to the defendant." The State has just as much right to proceed to trial "without injustice" as does the defendant. *Abdi*, supra, 162 Ga. App. at 22. The trial court did not err in its discretion in terminating the trial upon determining a fair trial could not proceed on the homicide charge when the issue was made the prosecutor's political ambitions. Even if the trial court had erred in its decision to terminate the trial, and even if the defense cannot be blamed for misunderstanding the trial court's ruling on whether it would permit argument and admit evidence concerning the prosecutor's political ambitions, nevertheless, the defense injected the matter that resulted in the mistrial and cannot prevent retrial by withholding consent to the mistrial. Id. p. 22.

See *Nixon v. State*, 121 Ga. 144 (3) (48 SE 966). In any case, under § 16-1-8 (e) (2) (B), it hardly matters who precipitated the injustice that made it "impossible to proceed," in the trial court's discretion. The defendant does not have the right to force the State either to endure a prejudiced trial or forego prosecution entirely.

2. The trial court did not err in refusing to dismiss the indictment for prosecutorial misconduct. Assuming the failure of the State to turn over evidence of an additional one-sentence statement of appellant to police was prosecutorial misconduct violating appellant's statutory discovery or due process rights, dismissal of an indictment is not the appropriate remedy where there is any other. *Wilcox v. State*, 250 Ga. 745 (4) (301 SE2d 251); see *United States v. Morrison*, 449 U. S. 361 (101 SC 665, 66 LE2d 564). On no account would the misconduct demand the extreme remedy of dismissal of the charge unless it caused demonstrable prejudice to the defendants' recognized constitutional or statutory rights (id. p. 365) or was so outrageous that it is "fundamentally unfair and 'shocking to the universal sense of justice mandated'" by the Constitution or statute as to deprive him of a fair trial as a matter of law. See *Wilcox*, supra; *United States v. Ofshe*, 817 F2d 1508, 1516 (11th Cir. 1987; cert. pending). Absent demonstrable prejudice, a finding that such misconduct was so outrageous as to demand dismissal of the indictment, would occur only in the rarest of cases.

Since the statement in this case, however tardy, was delivered to the defense before any retrial of the case, obviously there has been no actual prejudice to appellant. Even if the original trial had continued and the State had sought to introduce this statement against defendant, the statutory remedy of exclusion was available. OCGA § 17-7-210 (c); see *Tanner v. State*, 160 Ga. App. 266 (287 SE2d 268). The remedy of dismissing the charges in this case was unjustified, the misconduct, if it was so, being rectified before retrial.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED MARCH 9, 1988 —
REHEARING DENIED MARCH 28, 1988 —

*J. S. Hutto, Karen M. Krider*, for appellant.
*Glenn Thomas, Jr., District Attorney, John B. Johnson III, Assistant District Attorney*, for appellee.