## A91A0645. MOSS et al. v. THE STATE.
(407 SE2d 477)

COOPER, Judge.

Appellants, Wayne Douglas Moss, Ronnie David Moss and Charles F. Ethier, Jr., were indicted for the offenses of robbery and armed robbery, and a jury trial was commenced on June 20, 1990. Testimony at trial revealed that the two victims, George Janiewicz and Roger Smith, had been eating dinner and drinking beer at a restaurant in Union City. After leaving the restaurant in their automobile, the victims were followed on the interstate by a vehicle which they believed to be a patrol car; however, when the victims got out of their automobile upon reaching Roger Smith's apartment complex, the vehicle pulled up alongside them. Three or four individuals jumped out of the vehicle and surrounded the victims. Roger Smith was thrown to the ground and robbed, and George Janiewicz was robbed at gunpoint.

The first witness at the trial called by the State was George Janiewicz, who identified appellant, Wayne Douglas Moss, as the driver of the vehicle and as the individual who had approached him earlier in the evening at the restaurant. George Janiewicz also testified as to his prior identification of Wayne Douglas Moss during a pre-trial photographic display.

Following lunch recess, the trial court inquired of the attorneys whether there was any matter that needed to be taken up outside the presence of the jury, and after both attorneys responded in the negative, the trial proceeded.

Roger Smith was called by the State, and he identified the three appellants sitting at the defense table as the individuals who had jumped from the vehicle and robbed him. He also testified as to his prior identification of the appellants during a pre-trial photographic display. On cross-examination, appellants' counsel asked Roger Smith whether he was certain that the driver of the vehicle was the individual seated at the defense table. Roger Smith responded twice that he was certain.

After Roger Smith concluded his testimony, a police officer sitting in the courtroom informed the prosecutor that the individual seated at the defense table, who was identified as Wayne Douglas Moss and was wearing the same clothes that Wayne Douglas Moss had worn during the morning portion of the trial, was not, in fact, Wayne Douglas Moss. Defense counsel admitted that during the lunch break, he had intentionally and with appellants' consent, substituted the brother of Wayne Douglas Moss, Robert Moss, in Wayne Douglas Moss' stead. Wayne Douglas Moss was outside the courtroom, in the witness room, without the trial judge's knowledge or consent. Thereafter, the State moved for a mistrial based upon appel-

lants' counsel's conduct.

Following the grant of the State's motion for mistrial, the case was called for trial again on June 25, 1990, at which time appellants filed their plea in bar of prosecution based on former jeopardy grounds. The motion was denied and this appeal followed. Appellants argue as their sole enumeration of error that appellants' plea of former jeopardy should have been granted because the trial court improperly granted a mistrial.

" 'Once the jury has been impaneled and sworn, jeopardy attaches. (Cits.) However, where a mistrial is thereafter declared over the objection of a criminal defendant, a retrial is not barred where there is manifest necessity for the declaration of a mistrial or the ends of public justice would be defeated by allowing the trial to continue. (Cits.)' [Cits.]" *Phelps v. State*, 187 Ga. App. 236 (369 SE2d 506) (1988). "The trial court has as much authority to grant a mistrial where injustice is caused to the State as where injustice is caused to the defendant. . . ." *State v. Abdi*, 162 Ga. App. 20, 22 (288 SE2d 772) (1982).

"A trial court has broad discretion in ruling on a motion for a mistrial, and this court will not disturb such ruling in the absence of a manifest abuse of that discretion which threatens the defendant's right to a fair trial. [Cits.]" *Weaver v. State*, 178 Ga. App. 91 (2) (341 SE2d 921) (1986). "This is especially true when the grounds for the mistrial relate to jury prejudice, for the trial judge is in a peculiarly good position to observe the jurors, the witnesses and the attorneys in order to evaluate the extent of the prejudice. [Cit.]" *Abdi v. State of Ga.*, 744 F2d 1500, 1503 (11th Cir. 1984). See also *Abdi v. State*, 249 Ga. 827 (294 SE2d 506) (1982).

A mistrial in this case was declared after defense counsel contrived the substitution of appellant, Wayne Douglas Moss, for his brother, who was dressed in the same clothes as the appellant and sat at the defense table representing himself to be the appellant. The trial court concluded that appellants' representation to the Court by implication that Robert Moss was, in fact, Wayne Douglas Moss was impermissible, improper and unfairly prejudicial to the State's case.

Citing OCGA § 17-8-75, appellants argue that only *statements* made by the prosecutor of prejudicial matters not in evidence are grounds for the granting of a mistrial. We disagree. OCGA § 16-1-8 (e) (2) (B) provides that if the termination of a trial for "[p]rejudicial *conduct* in or out of the courtroom makes it impossible to proceed with the trial without injustice to the defendant," then a retrial of a defendant will not be barred. (Emphasis supplied.) Moreover, "[t]he state has just as much right to proceed to trial 'without injustice' as does the defendant. [Cit.]" *McGarvey v. State*, 186 Ga. App. 562, 563 (1) (368 SE2d 127) (1988). Therefore, OCGA § 16-1-8 (e) (2) (B)

clearly authorized a mistrial based upon appellant's wrongful *conduct* in the courtroom.

Appellants also argue that a mistrial was not appropriate because the trial court could have provided curative instructions to the jury or taken other action to resolve the problem which the trial court believed to exist as a result of the defense counsel's actions. We disagree. "The manifest necessity for a mistrial can exist alongside less drastic alternatives, so long as the record discloses that the trial court considered alternatives before declaring mistrial. [Cit.]" *Abdi v. State of Ga.*, supra at 1503. See also *Burleson v. State*, 259 Ga. 498 (384 SE2d 659) (1989). The transcript of the trial clearly reveals that immediately after the State's motion for a mistrial, the trial court took a recess to consider the matter, including alternatives to a mistrial. Only after due consideration did the trial court conclude that it could not see how the State could do anything to remedy the situation. Accordingly, appellants' plea in bar of prosecution based on former jeopardy grounds was properly denied.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED JUNE 28, 1991.

*Wood, Odom & Edge, Arthur B. Edge IV*, for appellants.
*William G. Hamrick, Jr., District Attorney, Agnes T. McCabe, Assistant District Attorney*, for appellee.

