A92A0520. MILLER v. THE STATE.
(420 SE2d 12)

ANDREWS, Judge.

Miller's jury trial for aggravated assault ended when, during the state's case-in-chief, the trial court granted the state's motion for a mistrial over defense objection. The trial court subsequently denied

Miller's plea in bar to retrial based on double jeopardy grounds, and Miller brings this direct appeal. See *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982) (direct appeal proper from denial of plea of double jeopardy).

Miller stabbed her brother-in-law with a knife. The state first presented testimony from the victim who said Miller came to the garage where he was working, instigated an argument, and stabbed him without provocation. On cross-examination, defense counsel attempted to show that the victim had previously beaten his wife (Miller's sister), and that the argument at the garage was a continuation of previous hostilities between Miller and the victim over the beatings. The victim denied he had beaten his wife, and the state objected to this line of questioning on grounds that it was not relevant. In an ensuing bench conference, defense counsel argued that this evidence was relevant because he intended to show that the victim was the aggressor.[1] There having been no evidence introduced at that point to show the victim had threatened Miller or anyone else during the argument, the trial court directed defense counsel not to pursue questions designed to show prior difficulties between Miller and the victim until a foundation was laid to support the relevancy of this evidence. Defense counsel immediately proceeded to ask the victim if he had not previously been to Miller's house in an attempt to collect money owed to him for a drug sale. The victim denied knowledge of any drug sales.

The state's second witness was the victim's wife, who was present at the garage when Miller stabbed the victim. She testified that she came to the garage after the victim telephoned her and informed her of the argument, and asked her to come and speak to Miller. When she arrived, Miller and the victim were arguing, and she told her sister to cease the argument because the marital problems were not Miller's concern. There was no testimony from the victim's wife showing that the victim was aggressive in any way toward her or Miller at the garage. In a bench conference prior to cross-examination of the victim's wife, the trial court again discussed the admissibility of prior difficulties between the victim and Miller. In an offer of proof to the court, defense counsel proffered that evidence of the prior difficulties was relevant to show the argument at the garage was part of a continuing argument between the victim and Miller. The court again ruled that prior difficulties between Miller and the victim were not relevant at this point in the trial, but that if evidence was later presented demonstrating its relevancy, the defense would be allowed to recall

---

[1] In colloquy with the court, opening statement, and in requests to charge filed prior to trial, the record reflects that defense counsel intended to present the defense that the victim was the aggressor, and that Miller justifiably acted in self-defense.

any witnesses necessary to fully develop the defense. The trial court placed no restrictions on cross-examination as to what transpired or was said at the garage during the argument.

On cross-examination, the victim's wife testified that when she arrived at the garage she heard the victim and Miller arguing about the victim having previously beaten the witness. At that point, defense counsel asked for a bench conference and informed the court that he expected the evidence to also show that the victim was angry because of allegations made by Miller during the argument that the victim had given his wife a sexually transmitted disease. The court ruled that defense counsel could ask the witness what was said during the argument. The victim's wife denied hearing any such allegation as part of the argument. Defense counsel then proceeded to ask the witness if she had previously told Miller that the victim had given her a sexually transmitted disease, to which the witness responded, "Maybe so. I'm open with her." The state immediately objected on grounds that defense counsel was again attempting to establish a basis for prior difficulties between the victim and Miller. In another bench conference the trial court admonished defense counsel, and considered the possibility of giving the jury cautionary instructions about the prior difficulties evidence. The state moved for a mistrial claiming the state's case had been prejudiced by repeated injection of evidence designed to show prior difficulties between the victim and Miller, without any foundation for its relevancy. The trial court granted the mistrial over defense objection.

Defense allegations that the victim beat Miller's sister, came to Miller's house to collect money on a drug sale, and gave Miller's sister a sexually transmitted disease, were all calculated to show that the victim and Miller had difficulties prior to the argument at the garage in support of Miller's justification defense.[2] In theory, Miller is entitled to introduce evidence to show that as a result of prior difficulties she had with the victim he was hostile toward her; that the argument at the garage was a continuation of this hostility, and that she justifiably acted in self-defense to his aggression. *Shaw v. State*, 241 Ga. 308, 309 (245 SE2d 262) (1978). However, before evidence in support of such a justification defense becomes relevant, there must be a prima facie showing that the victim was the aggressor, assaulted the defendant during the present incident, and the defendant was honestly seeking to defend herself. See *Sawyer v. State*, 161 Ga. App.

---

[2] To the extent the wife beating allegation also amounted to evidence of the victim's prior specific act of violence against a third party, there is no evidence in the record that Miller complied with the procedures set out in *Chandler v. State*, 261 Ga. 402, 407-408 (405 SE2d 669) (1991) requiring advance notice to the state prior to trial that the defense intended to introduce such evidence.

479, 481 (288 SE2d 108) (1982). The trial court correctly ruled that, at the time defense counsel repeatedly sought to introduce evidence to support prior difficulties, such evidence was not relevant since no foundation had been laid to show the victim was the aggressor.

"Once the jury has been impaneled and sworn, jeopardy attaches. However, where a mistrial is thereafter declared over the objection of a criminal defendant, a retrial is not barred where there is manifest necessity for the declaration of a mistrial or the ends of public justice would be defeated by allowing the trial to continue." (Punctuation and citations omitted.) *Phelps v. State*, 187 Ga. App. 236 (369 SE2d 506) (1988). "This formulation . . . abjures the application of any mechanical formula by which to judge the propriety of declaring a mistrial in the varying and often unique situations arising during the course of a criminal trial. The broad discretion reserved to the trial judge in such circumstances has been consistently reiterated . . . [to demonstrate] the breadth of a trial judge's discretion, and the reasons therefor, to declare a mistrial. Where, for reasons deemed compelling by the trial judge, who is best situated intelligently to make such a decision, the ends of substantial justice cannot be attained without discontinuing the trial, a mistrial may be declared without the defendant's consent and even over his objection, and he may be retried consistently with the Fifth Amendment." *Abdi v. State*, 249 Ga. 827, 828 (294 SE2d 506) (1982).

The mistrial declared in this case is not subject to the strict scrutiny applied to situations where there is reason to believe the state may be using its superior resources to harass the defendant or achieve a tactical advantage. *Cobb v. State*, 246 Ga. 619, 620 (272 SE2d 296) (1980). Here, despite repeated instruction from the court, the trial judge observed continued injection by defense counsel of irrelevant and prejudicial matters in the trial. The court considered the possibility of cautionary instructions to the jury, but concluded that the conditions created by the defense made an impartial verdict impossible. *State v. Abdi*, 162 Ga. App. 20, 22 (288 SE2d 772) (1982). Under these circumstances, we cannot conclude the trial judge abused her discretion in declaring a mistrial. *Burleson v. State*, 259 Ga. 498 (384 SE2d 659) (1989); *Jones v. State*, 232 Ga. 324 (206 SE2d 481) (1974); *Moss v. State*, 200 Ga. App. 253 (407 SE2d 477) (1991); *McGarvey v. State*, 186 Ga. App. 562-564 (368 SE2d 127) (1988). Accordingly, a retrial does not violate the defendant's double jeopardy rights under state or federal law, and the trial court correctly denied Miller's plea in bar.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED MAY 20, 1992 —
RECONSIDERATION DISMISSED JUNE 11, 1992.

*James A. Yancey, Jr.*, for appellant.
*W. Glenn Thomas, Jr.*, District Attorney, *Stephen G. Scarlett*, Assistant District Attorney, for appellee.