A92A0773. FOODY v. THE STATE.
(423 SE2d 423)

CARLEY, Presiding Judge.

By way of accusation, appellant was charged with driving under the influence. After a jury had been sworn, the trial court found appellant's counsel to be in criminal contempt. Appellant's counsel was immediately incarcerated and the trial court, sua sponte, declared a mistrial. The contempt citation was reversed on appeal. *In re Spruell*, 200 Ga. App. 218 (407 SE2d 451) (1991). When appellant's case was recalled, he filed a plea of double jeopardy. In the instant case, appellant appeals directly from the denial of that plea.

The power of a trial court "to interrupt the proceedings on [its] own or the prosecutor's motion by declaring a mistrial is subject to stringent limitations. . . . [R]etrial is permissible only if a manifest necessity existed for the declaration of the mistrial lest otherwise the end[s] of public justice be defeated; the existence of 'manifest necessity' is to be determined by weighing the defendant's right to have his trial completed before the particular tribunal against the interest of the public in having fair trials designed to end in just judgments; and the decision must take into consideration all the surrounding circumstances. [Cits.]" *Jones v. State*, 232 Ga. 324, 327 (206 SE2d 481) (1974).

"[T]he question whether under the Double Jeopardy Clause there can be a new trial after a mistrial has been declared without the defendant's request or consent depends on whether 'there is a manifest necessity for the (mistrial), or the ends of public justice would

otherwise be defeated.' [Cits.]" *United States v. Dinitz*, 424 U. S. 600, 606-607 (II) (96 SC 1075, 47 LE2d 267) (1976). "In cases in which there is no manifest necessity for aborting a trial rather than using other less drastic remedies to cure problems, in the absence of defendant's motion for a mistrial, the granting of a mistrial is an abuse of discretion. [Cit.] The rule that only 'manifest necessity' justifies a mistrial . . . indicates that a consideration of alternative remedies is highly important." *Haynes v. State*, 245 Ga. 817, 819 (268 SE2d 325) (1980). " 'In the absence of . . . a [defendant's] motion [for mistrial], the . . . doctrine of manifest necessity stands as a command to trial judges not to foreclose the defendant's option [to have his trial completed by a particular tribunal] until a scrupulous exercise of judicial discretion leads to the conclusion that the ends of public justice would not be served by a continuation of the proceedings. [Cit.]' [Cit.]" *United States v. Dinitz*, supra at 607-608 (II).

Unlike *Chatham v. State*, 247 Ga. 95, 96 (1) (274 SE2d 473) (1981), there is no indication that, in the instant case, "once the trial court had sent appellant's counsel off to jail it had no choice other than to call a mistrial." See *In re Spruell*, supra. "It is apparent from the exchange between court and counsel and from the hearing on the plea in bar that the defendant was afforded [no] opportunity to object and to suggest alternatives to the mistrial. [Cit.]" *Burleson v. State*, 259 Ga. 498, 500 (384 SE2d 659) (1989). Compare *United States v. Dinitz*, supra at 604 (wherein the trial court "set forth three alternative courses that might be followed"); *Haynes v. State*, supra at 819 (wherein the trial court "carefully considered alternative remedies").

Moreover, the record does not indicate that the trial court had no other choice but to order the immediate incarceration of appellant's counsel. There appears to be no reason why the trial court, having found outside the jury's presence that appellant's counsel was in contempt, could not have allowed the trial to proceed with appellant's counsel being incarcerated only at the conclusion of the proceedings. There is no question that a trial court is authorized to punish what it considers to be a contempt of court committed in its presence. However, that authority must be weighed against "the defendant's 'valued right to have his trial completed by a particular tribunal.' . . . [Cits.]" *United States v. Dinitz*, supra at 606 (II). The subsequent incarceration of appellant's counsel at the conclusion of the proceedings would have vindicated the trial court's authority without infringing upon appellant's right.

"When one examines the circumstances surrounding the discharge of this jury, it seems abundantly apparent that the trial judge made no effort to exercise a sound discretion to assure that, taking all the circumstances into account, there was a manifest necessity for the *sua sponte* declaration of this mistrial. [Cit.]" *United States v. Jorn*,

400 U. S. 470, 487 (III) (91 SC 547, 27 LE2d 543) (1971). "[I]n the final analysis the judge must always temper the decision whether or not to abort the trial by considering the importance to the defendant of being able, once and for all, to conclude his confrontation with society through the verdict of a tribunal he might believe to be favorably disposed to his fate." *United States v. Jorn,* supra at 486 (II).

"[T]he record does not show that the [trial court's] action [in citing appellant's counsel for contempt] was motivated by bad faith or undertaken to harass or prejudice [appellant]." *United States v. Dinitz,* supra at 611 (II). However, the record does show that the trial court's action in ordering a sua sponte mistrial thereafter was undertaken without regard to any consideration of alternative remedies which would have preserved appellant's "valued right" to proceed with the trial. Since there was no showing of the manifest necessity for the sua sponte mistrial, it follows that appellant's plea of double jeopardy was erroneously denied.

*Judgment reversed. Pope and Johnson, JJ., concur.*

DECIDED OCTOBER 2, 1992.

*Billy L. Spruell, Brian M. Dubuc,* for appellant.
*Ralph T. Bowden, Jr.,* Solicitor, *Andrew T. Rogers, W. Cliff Howard,* Assistant Solicitors, for appellee.