## A93A2464. BRADFIELD v. THE STATE.
### (439 SE2d 100)

JOHNSON, Judge.

Anthony Bradfield's trial for felony theft by taking ended when, during presentation of his defense, the trial court acceded to the State's request for a mistrial over defense objection. Following the trial court's denial of his plea in bar to retrial based on double jeopardy grounds, Bradfield files this direct appeal. See *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982).

Bradfield was accused of stealing tires and custom rims from an automobile that he was repairing for Marcus Stembridge. Sanjay English testified for the State that Stembridge asked him to keep an eye on his car while Bradfield was fixing it because he lived nearby. English stated that his brother woke him up at approximately 2:00 a.m.

after observing activity near the car. From the porch of their apartment, English and his brother saw Bradfield standing near the car as two or three men removed the wheels, rolled them up the street, put them in another car and drove away. English stated that his father, John English, was not with them on the porch but could have been watching from his bedroom window.

The defense served John English with a subpoena, and he appeared at the courthouse on Monday of the trial week. Because the case was not going to be tried until Wednesday, the defense attorney told John English he could leave, but to come back on Wednesday. He did not return. The defense presented several witnesses and then informed the court that, despite their efforts, John English refused to return to court to testify. The court allowed the defense attorney to present a proffer of evidence regarding the materiality of the testimony of John English. In her proffer, the attorney stated, inter alia, that during an interview she had asked John English if he knew Bradfield and he said that he did not. He told her that he had witnessed the theft of the tires from the porch with his son, and that the perpetrators appeared to be teenagers. The attorney stated that she needed John English's testimony both to impeach the testimony of Sanjay English and because it bore on the issue of identification of Bradfield, who is not a teenager. Bradfield's attorney then requested that the court allow the investigators who had accompanied her when she had interviewed John English to testify about what he had told them. The court allowed the investigators to testify. One of the investigators contradicted the defense attorney's proffer by testifying on cross-examination that John English said he knew Anthony Bradfield. Upon questioning by the court, the investigator reiterated that John English told them that he knew Bradfield. The court concluded that the jury had been contaminated by the conflict between the attorney's proffer, which had been made outside the jury's presence, and the investigator's actual testimony and granted the State's motion for a mistrial.

"The power of a trial court 'to interrupt the proceedings on (its) own or the prosecutor's motion by declaring a mistrial is subject to stringent limitations. . . . (R)etrial is permissible *only if a manifest necessity existed for the declaration of the mistrial* lest otherwise the end(s) of public justice be defeated; the existence of "manifest necessity" is to be determined by weighing the defendant's right to have his trial completed before the particular tribunal against the interest of the public in having fair trials designed to end in just judgments; and the decision must take into consideration all the surrounding circumstances. (Cits.)' [Cit.]" (Emphasis supplied.) *Foody v. State*, 205 Ga. App. 666 (423 SE2d 423) (1992).

The State relies on *McGarvey v. State*, 186 Ga. App. 562 (368

SE2d 127) (1988). In *McGarvey*, the defense attorney told the jury in his opening statement that the political aspirations of the assistant district attorney motivated the prosecution of his client. After declaring a mistrial, the trial court denied the defendant's plea in bar based on double jeopardy and this court affirmed holding that a "mistrial does not bar retrial if the termination of the trial was not improper . . . termination of a trial is not improper if prejudicial conduct in or out of the courtroom makes it impossible to proceed with the trial without injustice to the defendant." (Citation and punctuation omitted.) Id. at 563. In *McGarvey*, the prejudicial conduct was the result of the intentional actions of the defense attorney. In our case there is no evidence in the record that defense counsel acted intentionally in allowing a witness to offer testimony which was in conflict with her proffer.

"In the absence of a defendant's motion for mistrial, the doctrine of manifest necessity stands as a command to trial judges not to foreclose the defendant's option to have his trial completed by a particular tribunal until a scrupulous exercise of judicial discretion leads to the conclusion that the ends of public justice would not be served by a continuation of the proceedings." (Citations and punctuation omitted.) *Foody*, supra at 667. There is nothing in the record of this case to indicate that there was a manifest necessity for declaring a mistrial, and the court did not afford the defense any opportunity to suggest alternatives short of a mistrial. See *Burleson v. State*, 259 Ga. 498 (384 SE2d 659) (1989). Reasonable alternatives short of a mistrial were clearly available. The substance of the witness' testimony could have been explored fully on cross-examination, and the weight to be given such testimony could have been argued during closing. Bradfield did nothing which should interfere with his right " 'to conclude his confrontation with society through the verdict of a tribunal he might believe to be favorably disposed to his fate.' " *Foody*, supra at 668 citing *United States v. Jorn*, 400 U. S. 470, 486 (II) (91 SC 547, 27 LE2d 543) (1971). The jury, had it been allowed to decide the case, would have received instructions regarding the weight to be given to hearsay testimony, how to evaluate the credibility of witnesses and how to resolve conflicts in testimony.

There being no showing of the manifest necessity for the mistrial and having failed to explore alternative remedies which would have allowed the trial to go forward, the trial court erroneously denied Bradfield's plea of double jeopardy.

*Judgment reversed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED DECEMBER 9, 1993.

*Sarina J. Woods*, for appellant.

■■■■■■■■■■■■■■■■■■■

*Lewis R. Slaton, District Attorney, Penny A. Penn, Barry I. Mortge, Assistant District Attorneys*, for appellee.