S93A1582. SMITH v. THE STATE.
(439 SE2d 483)

SEARS-COLLINS, Justice.

The trial court granted the state's motion for a mistrial in Ivan Edward Smith's jury trial for murder, felony murder, and aggravated assault. The mistrial was declared after Smith testified on redirect examination by defense counsel that the custodial statement he gave to police had been coerced.[1] The trial court stated that such an allegation should have been raised in a *Jackson-Denno* hearing, and that she could not "cure the defendant's testimony about [the statement being forced] because he said it several times." Prior to retrial for the same offenses, Smith filed a plea of former jeopardy seeking to bar

---

[1] The state's motion for mistrial was also based on testimony by Smith's sister that the victim had previously killed someone; however, the trial judge agreed to instruct the jury not to consider the character of the victim, and expressly granted the motion for mistrial based only on Smith's testimony that his statement was forced.

the second prosecution. The trial court denied the plea in bar. We reverse.

1. "Once [Smith's] jury was impaneled and sworn, jeopardy attached, and he was entitled to be acquitted or convicted by that jury." *Morris v. State*, 262 Ga. 446, 447 (421 SE2d 524) (1992). If a mistrial is declared without a defendant's consent or over his objection, the defendant may be retried only if there was a "manifest necessity" for the mistrial. *Jones v. State*, 232 Ga. 324, 327 (206 SE2d 481) (1974); see also OCGA § 16-1-8 (a) (1). At a minimum, the mistrial in this case was without Smith's consent, and could be considered over his objection.[2]

A manifest necessity to declare a mistrial may exist "under urgent circumstances," *United States v. Perez*, 22 U. S. 576 (6 LE 165) (1824), such as where "an impartial verdict cannot be reached, or [where] a verdict of conviction could be reached but would have to be reversed on appeal due to an obvious procedural error in the trial," *Illinois v. Somerville*, 410 U. S. 458, 464 (93 SC 1066, 35 LE2d 425) (1973). Because of " 'the severe consequences of ordering a mistrial without the accused's consent,' [cit.]," *Cherry v. State Bd. of Corrections*, 613 F2d 1262, 1266 (5th Cir. 1980), a trial court should give careful, deliberate, and studious consideration to whether the circumstances demand a mistrial, with a keen eye toward other, less drastic, alternatives, calling for a recess if necessary and feasible to guard against hasty mistakes, see id.

2. The state contends that Smith repeatedly injected irrelevant and prejudicial matters in the trial despite instructions from the court,[3] see *Miller v. State*, 204 Ga. App. 562, 565 (420 SE2d 12)

---

[2] A review of defense counsel's responses to the state's motion further supports the application of this standard:

The Court: Do you have a motion?

The Prosecutor: I have a motion for mistrial.

The Court: Mr. Richardson?

Defense Counsel: Your honor, I think curative instructions with regard to [Smith's sister's] statement will satisfy I guess whatever prejudice occurred when she blurted out her statement.

The Court: I don't believe that I can cure the defendant's testimony about the — because he said it several times, about implying that Officer Champion got the statement from him under coercion.

Defense Counsel: I don't think enough evidence came out that he even implied it.

The Court: It was simply statements of his.

Defense Counsel: I don't think the jury's intelligent enough to infer that.

The Court: I cannot make that assumption, and I will grant a mistrial.

[3] The state complains of the following exchange, which took place on redirect examination:

Defense Counsel: Ivan, you gave the statement to Officer Champion, didn't you?

Witness: Yes.

Defense Counsel: And no one twisted your arm or made you give that state-

(1992), making a mistrial necessary to ensure that both Smith and the state receive a fair trial, see *Abdi v. State*, 249 Ga. 827, 828 (294 SE2d 506) (1982).

(a) First, we note that the lack of a *Jackson-Denno* hearing with respect to Smith's custodial statement did not make a mistrial necessary. Absent a proper objection to a statement's admission, due process does not require a separate hearing as to the voluntariness of the statement. *Wainwright v. Sykes*, 433 U. S. 72, 86-91 (97 SC 2497, 53 LE2d 594) (1977). See also *Dent v. State*, 243 Ga. 854 (2) (257 SE2d 241) (1979); *McNair v. State*, 190 Ga. App. 412 (2) (379 SE2d 424) (1989). Smith did not complain about the admission of the custodial statement at any time before or after it was presented to the jury because, according to Smith, the statement supported his justification defense. Even when Smith testified that he felt coerced when he gave the statement, he did not claim that the statement should not have been admitted into evidence. As Smith did not complain about, and in fact desired, the statement's admission, a *Jackson-Denno* hearing was not required to ensure that Smith received a fair trial, *Wainwright*, supra, and the failure to hold such a hearing was not an "obvious procedural error" or a threat to an impartial verdict creating a "manifest necessity" for a mistrial.

(b) Furthermore, a mistrial was not necessary because of the introduction of Smith's testimony regarding the taking of his statement.

> [T]he circumstances surrounding the taking of a confession can be highly relevant to . . . the purely legal question of its voluntariness, . . . [but] can also be of substantial relevance to the ultimate factual issue of the defendant's guilt or innocence.

*Crane v. Kentucky*, 476 U. S. 683, 689 (106 SC 2142, 90 LE2d 636) (1986). "[E]vidence about the manner in which a confession was secured will often be germane to its probative weight." Id. at 688. Furthermore, "the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" (Citations omitted.) Id. at 690.

We find that evidence regarding the circumstances surrounding

---

ment, is that correct?
 Witness: In so many words they didn't, but sort of they did.
 Defense Counsel: But I mean she didn't force you?
 Witness: She didn't force me physically, no.
At that point a bench conference was held, and the court instructed defense counsel that the testimony was not relevant. After resuming his examination, defense counsel asked appellant if he had signed a waiver of counsel sheet, and the appellant said "Yes, forcibly." The state then made its motion for mistrial.

Smith's custodial statement was relevant to the probative value of the statement, either as a whole or in part. Smith could desire the custodial statement's admission because it supported his justification defense, yet at the same time want the jury to be aware of the environment under which it was obtained. Based on evidence of a coercive environment, the jury could have chosen to give no weight whatsoever to the statement, thus discounting a major part of the state's case. Therefore, as Smith's testimony was relevant and should have been admitted to ensure Smith the "opportunity to present a complete defense," id., we find that there was no manifest necessity for a mistrial based on Smith's testimony.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 7, 1994.

*Rickey L. Richardson*, for appellant.

*Lewis R. Slaton, District Attorney, Herman L. Sloan, Rebecca A. Keel, Assistant District Attorneys, Michael J. Bowers, Attorney General*, for appellee.