A94A0680. HEIGHT v. THE STATE.
(442 SE2d 8)

BLACKBURN, Judge.

The appellant, Michael Height, was charged with several violations of the Georgia Controlled Substances Act. A confidential informant was utilized in the investigation that led to Height's arrest, but following a pretrial hearing the trial court ruled that the State was not required to disclose the informant's identity. Notwithstand-

ing that ruling, at trial defense counsel asked the State's first witness: "Who is the confidential informant?" Upon the State's objection, the trial court declared a mistrial.

Height subsequently filed a plea in bar of former jeopardy, on the ground that the first trial was improperly terminated. The trial court denied the plea in bar, and this appeal followed.

Declaration of a mistrial does not bar subsequent prosecution where the defendant consents to the mistrial. See *McGarvey v. State*, 186 Ga. App. 562 (368 SE2d 127) (1988). Declaration of mistrial over the objection of a criminal defendant does not bar retrial where there was manifest necessity for a mistrial or where the ends of justice would be defeated by allowing the trial to continue. *Moss v. State*, 200 Ga. App. 253 (407 SE2d 477) (1991). The trial court has a broad discretion in declaring mistrial, particularly "when the grounds for the mistrial relate to jury prejudice, for the trial judge is in a peculiarly good position to observe the jurors, the witnesses and the attorneys in order to evaluate the extent of the prejudice." (Citations and punctuation omitted.) Id. at 254.

In the instant case, termination of the first trial was not caused by prosecutorial misconduct. Rather, the prejudice was injected by the deliberate, improper question asked by defense counsel. In such a situation, the defendant cannot prevent retrial by withholding consent to the mistrial. *McGarvey v. State*, supra. "The defendant does not have the right to force the State either to endure a prejudiced trial or forego prosecution entirely." Id. at 564. Under the circumstances in this case, the trial court did not abuse its discretion in declaring mistrial in the first proceeding, and in denying the subsequent plea in bar of former jeopardy.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MARCH 1, 1994 —
RECONSIDERATION DENIED MARCH 11, 1994 — ▮▮▮

*Lee Payne*, for appellant.
*Alan A. Cook, District Attorney, W. Kendall Wynne, Jr., Assistant District Attorney*, for appellee.