## A93A2583. VENSON v. THE STATE.
(441 SE2d 893)

POPE, Chief Judge.

Defendant Richard Edward Venson was charged with three counts of sexual battery and, following a jury trial, was convicted of Count 1. He appeals.

1. The record shows that defendant was first brought to trial on the charges against him in June 1993, but that trial ended when the trial court granted, over defendant's objection, the State's motion for mistrial after defense counsel improperly questioned the victim named in Count 3. Following the grant of the mistrial, defendant filed a plea of former jeopardy as to each of the three counts. The trial court denied defendant's pleas and the second trial was commenced

on July 12, 1993.

Defendant enumerates as error the denial of his plea of former jeopardy, arguing that the trial court erred in granting the State's motion for mistrial as to any of the counts. Alternatively, defendant argues that even if the motion was properly granted as to Count 3, the trial court nevertheless erred in granting the State's motion as it pertained to the unrelated crime charged in Count 1.

" 'Once the jury has been impaneled and sworn, jeopardy attaches. However, where a mistrial is thereafter declared over the objection of a criminal defendant, a retrial is not barred where there is a manifest necessity for the declaration of a mistrial or the ends of public justice would be defeated by allowing the trial to continue.' (Punctuation and citations omitted.) *Phelps v. State*, 187 Ga. App. 236 (369 SE2d 506) (1988). 'This formulation . . . abjures the application of any mechanical formula by which to judge the propriety of declaring a mistrial in the varying and often unique situations arising during the course of a criminal trial. The broad discretion reserved to the trial judge in such circumstances has been consistently reiterated . . . (to demonstrate) the breadth of a trial judge's discretion, and the reasons therefor, to declare a mistrial. Where, for reasons deemed compelling by the trial judge, who is best situated intelligently to make such a decision, the ends of substantial justice cannot be attained without discontinuing the trial, a mistrial may be declared without the defendant's consent and even over his objection, and he may be retried consistently with the Fifth Amendment.' *Abdi v. State*, 249 Ga. 827, 828 (294 SE2d 506) (1982)." *Miller v. State*, 204 Ga. App. 562, 565 (420 SE2d 12) (1992).

Defendant argues that the trial court erred in granting the motion for mistrial because the testimony counsel sought to elicit from the witness was in fact admissible and, even if the questioning of the witness was improper, the appropriate remedy was not to declare a mistrial but to give curative instructions to the jury. Our review of the transcript does not support defendant's contentions. Rather the record shows, as the trial court found, that the questioning of the witness was improper. The record is likewise clear that even after the trial judge properly determined the question to be improper and prejudicial, she was nevertheless reluctant to grant the State's motion for mistrial in this case, but that she believed that the error here could not be cured by instructions. The record further shows the trial court reached this conclusion after a recess to consider the State's motion and after hearing extensive argument from defense counsel as to why the motion should not be granted. " 'The manifest necessity for a mistrial can exist alongside less drastic alternatives, so long as the record discloses that the trial court considered alternatives before declaring mistrial. (Cit.)' *Abdi v. State of Ga.*, [744 F2d 1500, 1503 (11th Cir.

1984)]. See also *Burleson v. State,* 259 Ga. 498 (384 SE2d 659) (1989)." *Moss v. State,* 200 Ga. App. 253, 255 (407 SE2d 477) (1991).

We also find no merit to defendant's contention that the trial court should have granted the State's motion for mistrial only as to the charges stated in Count 3, and should have allowed the trial to proceed on the other charges. As stated above, the record shows that at the time the State made the motion for mistrial, defendant was afforded ample opportunity to object and to suggest alternatives to granting the State's motion. However, at no time did defendant suggest that the counts should be treated separately for the purpose of deciding whether a mistrial should be granted. Moreover, even if the court should have contemplated such an alternative, or if this alternative approach had in fact been suggested and rejected by the court, it does not follow that reversal is required in this case. "With respect to whether the rejection of alternatives amounts to abuse of discretion, it was stated in the case of *Cherry v. Director, State Bd. of Corrections,* 635 F2d 414, 418-19 (5th Cir. 1981): A trial judge has acted within his sound discretion in rejecting possible alternatives and in granting a mistrial, if reasonable judges could differ about the proper disposition, even though '(i)n a strict, literal sense, the mistrial (is) not "necessary." ' (*Arizona v. Washington,* supra, 434 U. S.) at 511, 98 S.Ct. at 833. This great deference means that the availability of another alternative does not without more render a mistrial order an abuse of sound discretion. (Cits.) Deference to the judge's sound discretion also precludes a reviewing court from assuming, in the absence of record evidence, that the trial judge deprived a defendant of constitutional rights. . . The declaration of mistrial, under these circumstances, will not bar a retrial." (Indention omitted.) *Burleson v. State,* 259 Ga. at 501.

We find this analysis dispositive of defendant's contentions in the case at bar. Under the circumstances of this case, we cannot conclude the trial judge abused her discretion in declaring a mistrial. Accord *Burleson v. State,* 259 Ga. at 501; *Jones v. State,* 232 Ga. 324 (206 SE2d 481) (1974); *Miller v. State,* 204 Ga. App. at 565; *Moss v. State,* 200 Ga. App. at 255; *McGarvey v. State,* 186 Ga. App. 562 (1) (368 SE2d 127) (1988). Accordingly, the trial court correctly denied defendant's plea in bar.

2. Contrary to defendant's second enumeration of error, Christopher Poole was properly called by the State as a rebuttal witness. Calling an unlisted witness in rebuttal is not error. See, e.g., *Gibbons v. State,* 248 Ga. 858, 865 (286 SE2d 717) (1982); *Savage v. State,* 152 Ga. App. 392 (263 SE2d 218) (1979).

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED MARCH 9, 1994 —
RECONSIDERATION DENIED MARCH 23, 1994 —

*Husby, Myers & Stroberg, Roland H. Stroberg*, for appellant.
*Jerry Rylee, Solicitor, Inez D'Entremont, Assistant Solicitor*, for appellee.