## A94A1563. STEVENS v. THE STATE.
(452 SE2d 176)

JOHNSON, Judge.

Matel Stevens was indicted for obstructing a law enforcement officer, interfering with government property, driving without headlights, driving without a license, driving without insurance, and driving while under the influence of alcohol. During the trial, the state tendered into evidence a videotape of Stevens and others being tested on an intoximeter machine. The state played for the jury that section of the tape showing Stevens' test and inadvertently showed a few seconds of the next suspect's test. Immediately after the court admitted the tape, Stevens' attorney expressed concern that it contained matters unrelated to the instant case. The trial court specifically stated it would address the issue "at the proper time." When the state later asked about the tape, the court suggested the state copy relevant portions of the tape onto another tape. The court added, "[o]therwise, [the state has] chosen to put that piece of evidence into court, it is in court. Pure and simple. If you put a textbook into evidence, for example, that textbook is going down to the clerk's office to be documented. If you wish to make an offer of substitution, xerox some copies out of the textbook and put that into evidence instead, that is fine. Same with a videotape. Put the tape in evidence, the tape is evidence." The state did not substitute another tape for the one already admitted. During closing argument, Stevens' counsel showed the jury a portion of the videotape depicting another suspect's test which preceded Stevens' test and which had not previously been shown to the jury. Counsel then told the jury, "I chose that to demonstrate something to you. Officer Lamb testified that every person. . . ." At that point, the prosecutor moved for a mistrial claiming Stevens' counsel improperly commented on evidence unrelated to the instant case. The jury was taken out of the courtroom. Stevens' counsel stated he thought the court had said the entire tape was in evidence. The court discussed counsel's motive for showing that segment

of the tape and, without any discussion of less drastic alternatives, granted the state's motion for a mistrial. At the same time, the court held Stevens' attorney in contempt. Stevens filed a plea in bar to prevent her retrial by the state on the same charges, which the trial court denied. Stevens appeals.

1. Stevens contends the trial court erred in denying her plea in bar on double jeopardy grounds because the mistrial was improperly granted. We agree. "The power of a trial court to interrupt the proceedings on its own or the prosecutor's motion by declaring a mistrial is subject to stringent limitations. Retrial is permissible *only if a manifest necessity existed for the declaration of the mistrial* lest otherwise the ends of public justice be defeated; the existence of manifest necessity is to be determined by weighing the defendant's right to have his trial completed before the particular tribunal against the interest of the public in having fair trials designed to end in just judgments; and the decision must take into consideration all the surrounding circumstances." (Emphasis in original; citations and punctuation omitted.) *Bradfield v. State*, 211 Ga. App. 318, 319 (439 SE2d 100) (1993). "Because of the severe consequences of ordering a mistrial without the accused's consent, a trial court should give careful, deliberate, and studious consideration to whether the circumstances demand a mistrial, with a keen eye toward other, less drastic, alternatives. . . ." (Citations and punctuation omitted.) *Smith v. State*, 263 Ga. 782, 783 (1) (439 SE2d 483) (1994).

Our examination of the record does not reveal any manifest necessity for declaring a mistrial in this case. The actions of Stevens' counsel were not of the type which would defeat the ends of public justice or prevent a fair trial. First, the law allows counsel wide latitude during closing argument to remark upon the evidence and facts which are before the jury. *Alexander v. State*, 263 Ga. 474, 476 (2) (c) (435 SE2d 187) (1993). The court's comments in response to the prosecutor's inquiry about whether the entire tape was in evidence implied that if the relevant portion was not copied onto another tape, the entire tape would remain in evidence. The trial court did not instruct counsel not to use or comment upon parts of the tape not previously shown to the jury. We cannot conclude, under these circumstances, counsel's conduct was flagrantly unfair. Moreover, the conduct must have been so prejudicial that it would be impossible to proceed with the trial without injustice resulting. See *Bradfield*, supra at 320. We do not find counsel's words or conduct to be so prejudicial as to warrant a mistrial. Finally, the record must disclose that the trial court considered less drastic alternatives *before* declaring mistrial. *Dotson v. State*, 213 Ga. App. 7, 8 (1) (443 SE2d 650) (1994). In this case, there is no indication in the transcript the trial court considered any alternative remedies before declaring a mistrial. Indeed,

under the circumstances of this case, curative instructions might have been sufficient to undo any possible harm. There being nothing in the record to indicate a manifest necessity for declaring a mistrial and, having failed to explore alternative remedies, the trial court erred in denying Stevens' plea of double jeopardy. See *Bradfield*, supra at 320; *Foody v. State*, 205 Ga. App. 666, 668 (423 SE2d 423) (1992).

2. Stevens also appeals from the trial court's order finding her attorney in contempt of court. We do not reach this issue for two reasons. First, the appeal from that order is untimely because it was not filed within 30 days after the order was entered. See OCGA § 5-6-38 (a). Secondly, Stevens does not have standing to challenge an order finding her attorney in contempt. It is well-settled that a person may only challenge a ruling which has adversely affected his or her own rights. See, e.g., *Lawton v. State*, 259 Ga. 855, 856 (2) (388 SE2d 691) (1990); *Johnson v. State*, 208 Ga. App. 747, 749 (3) (431 SE2d 737) (1993). Although there are perhaps circumstances in which a criminal defendant might be harmed by the issuance of a contempt citation against his or her attorney, such circumstances are not present here. Stevens was not adversely affected by the trial court's entry of a judgment of contempt against her attorney. Any appeal from the contempt judgment would therefore have to be brought by the attorney in his own name.

*Judgment reversed in part and appeal dismissed in part. Pope, C. J., Birdsong, P. J., Blackburn and Ruffin, JJ., concur. McMurray, P. J., Beasley, P. J., Andrews and Smith, JJ., dissent.*

BEASLEY, Presiding Judge, dissenting.

I concur in Division 2 of the opinion, which holds that the appeal from the order of contempt must be dismissed, but I dissent from reversal of the judgment.

The trial court did not err in denying defendant's plea in bar on double jeopardy grounds. The carefully detailed order describes the sequence of events which led up to the grant of mistrial during defense counsel's closing argument. It explains that the court had found that defense counsel deliberately displayed a portion of the videotape to the jury during closing argument which counsel knew had not been admitted in evidence and had also found that what was shown was not relevant and was prejudicial to the State.[1] The trial court, unlike this court, saw what unrelated matter was shown to the jury by defendant and it was in a position, unlike this court, to assess the effect on the jury. In the order, the court stated that the problem could not have been rectified by curative instruction which, in the court's judg-

---

[1] Defense counsel himself had earlier argued that there were portions of the tape which were not related to this case.

ment, would have only exacerbated the evil. This same conclusion was stated in the order of mistrial and contempt entered shortly after the aborted trial. The trial transcript fully supports the court's findings and warrants its conclusions.

Defendant's plea in bar is based on the double jeopardy clause of the Fifth Amendment to the United States Constitution, the double jeopardy provision in Georgia's Bill of Rights,[2] and OCGA § 16-1-8 (a) (2). In her briefs and letter-brief below, she made no distinction between the two constitutions and presented no separate argument with respect to the state constitution as an *independent* ground. See *Michigan v. Long*, 463 U. S. 1032 (103 SC 3469, 77 LE2d 1201) (1983). The trial court impliedly concluded that neither the statute nor either constitution had been violated by the grant of mistrial in that it cited cases dealing with all three bases: *State v. Abdi*, 162 Ga. App. 20 (288 SE2d 772) (1982), aff'd 249 Ga. 827 (294 SE2d 506) (1982); *Abdi v. State of Ga.*, 744 F2d 1500 (11th Cir. 1984); *Bradfield v. State*, 211 Ga. App. 318 (439 SE2d 100) (1993).

On appeal, defendant cites the three sources but argues them all together, indiscriminately, even though they are not the same. She has not shown that her rights under any one of them will be infringed by another trial, one that is brought to a conclusion. In support of her contention that double jeopardy bars retrial because the grant of mistrial was improper, Stevens cites only *Morris v. State*, 262 Ga. 446 (421 SE2d 524) (1992), and *Bradfield*, supra.

"[T]he defense injected the matter that resulted in the mistrial and cannot prevent retrial by withholding consent to the mistrial." *McGarvey v. State*, 186 Ga. App. 562, 563 (368 SE2d 127) (1988). As in *Moss v. State*, 200 Ga. App. 253 (407 SE2d 477) (1991), *Venson v. State*, 212 Ga. App. 540 (1) (441 SE2d 893) (1994), and *Height v. State*, 212 Ga. App. 410 (442 SE2d 8) (1994), other recent cases where defendants injected prejudice, the court's "broad discretion" in granting the mistrial was not abused. The result is that bars against double jeopardy have not been breached. As repeated in *Height*, supra at 411, "[t]he trial court has a broad discretion in declaring mistrial, particularly 'when the grounds for the mistrial relate to jury prejudice, for the trial judge is in a peculiarly good position to observe the jurors, the witnesses and the attorneys in order to evaluate the extent of the prejudice.' "

Whether by mistake or design, the effect on the jury in this instance was the same. That is, whether defense counsel knew or did not know that the unrelated portions of the videotape which he displayed to the jury were not in evidence, the finding of the trial court

---

[2] Constitution of Georgia, Art. I, Sec. I, Par. XVIII.

that it was prejudicial against the State is unassailable. So is its exercise of discretion in eschewing remedies short of mistrial.

I am authorized to state that Presiding Judge McMurray and Judge Andrews join in this dissent.

SMITH, Judge, dissenting.

I agree with Presiding Judge Beasley that the trial court did not err in declaring a mistrial or in denying the plea in bar on double jeopardy grounds. The trial court was in the best position to judge the conduct of counsel and its effect on the jury; the trial court properly concluded that the defense injected the matter resulting in a mistrial and that bars against double jeopardy therefore were not breached. I dissent separately to emphasize the more than ample basis on which the trial court concluded that counsel for Stevens deliberately injected the matter resulting in the mistrial.

The trial court's order on defendant's plea in bar and former jeopardy fully sets forth the basis for granting the mistrial and denying Stevens' plea in bar. The trial court found counsel's expressed belief that the entire videotape was in evidence incredible, because counsel initially raised the point that portions of the videotape were inadmissible and, in fact, suggested they be excluded. Counsel fully participated in the discussion of creating a redacted tape, and he was aware of the reason for the redaction: to preserve the record for appeal while returning the video footage of other intoximeter tests to the police department for later use.

Noting this initial recognition of inadmissibility and the subsequent chain of events, the trial court concluded that counsel's failure to ask for clarification on the use of the tape was part of a deliberate scheme to misuse irrelevant portions of the tape. The trial court reasoned that when the tape was played for the jury, counsel caught a brief glimpse of another intoximeter subject without handcuffs. Immediately thereafter, counsel cross-examined Officer Lamb, the intoximeter operator, as to whether every test subject was handcuffed. He elicited the response: "[e]very adult that comes into that room has handcuffs on."

As the trial court noted, the only reason for this line of questioning was as a predicate to playing the irrelevant portions of the tape in an attempt at impeachment. In fact, during closing argument, counsel stated to the jury: "I chose that to demonstrate something to you. Officer Lamb testified that every person . . ." before being cut short by an objection. Lamb testified to only one fact concerning "every person" — that every person was handcuffed.

The trial court further noted that counsel gave varying and conflicting explanations of his manipulation of the videotape during a recess and his belief regarding its admissibility. The courtroom bailiff's

testimony regarding counsel's conduct during the recess also conflicted with counsel's explanation.

The trial court concluded that counsel, having already elicited the testimony he needed for his attempt at impeachment, deliberately used irrelevant portions of the videotape during closing argument and claimed he had "misunderstood" the trial court's earlier comments. That conclusion is thoroughly supported by the trial court's observations and citations to the record. Both the trial court's conclusion and the basis for it in the record should be noted by this court in affirming the trial court's decision to declare a mistrial and its subsequent denial of Stevens' plea in bar.

I am authorized to state that Judge Andrews joins in this dissent.

DECIDED DECEMBER 2, 1994 —
RECONSIDERATION DENIED DECEMBER 19, 1994 — 

*James N. Finkelstein, Donaldson, Hall, Martin, Garvey & Bell, George P. Donaldson III,* for appellant.

*Britt R. Priddy, District Attorney, Gregory W. Edwards, Assistant District Attorney,* for appellee.