## A97A1024. JACKSON v. THE STATE.
### (485 SE2d 832)

ELDRIDGE, Judge.

In December 1995, appellant, Russell Wayne Jackson, was charged with simple battery for allegedly spitting in his wife's face during a domestic conflict. During the jury trial in October 1996, appellant's counsel attempted to raise defenses that the alleged victim either failed to take prescribed medication for her manic depression and imagined the incident or that the victim was involved in a custody dispute with appellant and fabricated the alleged battery. When the trial court, in response to a motion in limine by the State, asked whether appellant's counsel had evidence to support these assertions, she replied "I believe . . . I can get [the victim] to admit to . . . what happens if she does not take the medication." In addition, appellant's counsel reported that one other witness would testify regarding the victim's "erratic behavior" and about admissions allegedly made by the victim; she also stated that she could subpoena "several doctors" to testify regarding the victim's mental illness, if necessary. Although the trial court reserved ruling on the motion in limine, he warned appellant's counsel that he did not believe the assertions regarding the victim's mental illness were relevant "because we don't have anybody to explain it" to the jury.

However, during trial, appellant's counsel proceeded to make repeated references to the victim's mental illness, asserting that the victim failed to take her medication as prescribed and that, when not taking the medication, the victim became dysfunctional, incoherent, delusional, and violent. Appellant's counsel also questioned the victim and another witness regarding alleged specific incidents of perjury, illicit drug use, and bizarre behavior, including an allegation that the victim communicated with her deceased mother.

The State repeatedly objected to these lines of questioning, asserting that appellant's counsel had no evidence that the victim was not taking her medication at the time of the incident at issue in the trial, so that questioning the victim about the effects of failing to take medication was unfairly prejudicial and irrelevant. The State also asserted that there was no evidence of any of the alleged delusions or attacks being asserted by appellant, since the victim denied such allegations and appellant's counsel had no eyewitnesses to testify regarding the alleged incidents. Such objections were sustained

by the trial court, who repeatedly warned appellant's counsel to avoid such arguments absent evidentiary support. The trial court also warned appellant's counsel during opening statements that a mistrial might become necessary if "she can't sustain what she says she is going to do."

· The trial court further instructed appellant's counsel that she would need to secure an expert witness to testify regarding the effects of the failure to take lithium, the prescribed medication at issue. Appellant's counsel told the court that she "was working on" getting a psychologist into court to testify the next morning. However, since appellant's counsel had stated prior to trial that she had only two witnesses, neither being a psychologist, there was no indication that the anticipated "expert" witness had ever examined the victim's medical file, had ever questioned or examined the victim, or had the necessary credentials to be considered an expert for the purpose of testifying.

After repeatedly sustaining objections by the State to questions by appellant's counsel regarding the victim's alleged failure to take prescribed medication and alleged delusional and/or violent episodes, for which there was no evidentiary foundation, the trial court sua sponte declared a mistrial based on prejudicial misconduct by appellant's counsel. Appellant moved to bar the retrial based upon double jeopardy. The motion was denied, and appellant timely appealed. *Held*:

"The double-jeopardy clause of the Fifth Amendment, as applicable to the states through the due-process clause of the Fourteenth Amendment, does not bar retrial of a criminal defendant following declaration of a mistrial over his objection where there is 'manifest necessity' for declaration of the mistrial or the 'ends of public justice' would be defeated by allowing the trial to continue. *Illinois v. Somerville*, 410 U. S. [458 (93 SC 1066, 35 LE2d 425) (1973)]." *Abdi v. State*, 249 Ga. 827 (2), 828 (294 SE2d 506) (1982); *United States v. Perez*, 22 U. S. 579 (6 LE 165) (1824). In declaring a mistrial, the trial courts are to take "all the circumstances into consideration. . . . They are to exercise a sound discretion . . . and it is impossible to define all the circumstances, which would render it proper to interfere. To be sure, the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes; . . . [b]ut, after all, [the trial courts] have the right to order the discharge; and the security which the public have for the faithful, sound, and conscientious exercise of this discretion, rests, in this, as in other cases, upon the responsibility of the Judges, under their oaths of office." Id. at 580. "This is especially true when the grounds for the mistrial relate to jury prejudice, for the trial judge is in a peculiarly good position to observe the jurors, the witnesses and the attorneys

in order to evaluate the extent of the prejudice. [Cit.]" *Abdi v. State of Ga.*, 744 F2d 1500, 1503 (11th Cir. 1984).

The *Perez* test has been applied as "a standard of appellate review for testing the trial judge's exercise of his discretion in declaring a mistrial without the defendant's consent." *United States v. Jorn*, 400 U. S. 470, 481 (91 SC 547, 27 LE2d 543) (1971); see also *Arizona v. Washington*, 434 U. S. 497, 511 (98 SC 824, 54 LE2d 717) (1978) (appellate courts must "accord the highest degree of respect to the trial judge's evaluation of the likelihood that the impartiality of one or more jurors may have been affected" by the improper comments). "This formulation abjures the application of any mechanical formula by which to judge the propriety of declaring a mistrial in the varying and often unique situations arising during the course of a criminal trial. The broad discretion reserved to the trial judge in such circumstances has been consistently reiterated. . . . Where, for reasons deemed compelling by the trial judge, who is best situated intelligently to make such a decision, the ends of substantial justice cannot be attained without discontinuing the trial, a mistrial may be declared without the defendant's consent and even over his objection, and he may be retried consistently with the Fifth Amendment." (Citations and punctuation omitted.) *Abdi v. State*, supra at 828, citing *Illinois v. Somerville*, supra at 462. Therefore, "a defendant's valued right to have his trial completed by a particular tribunal must in some instances be subordinated to the public's interest in fair trials designed to end in just judgments," such when an impartial verdict cannot be reached. *Wade v. Hunter*, 336 U. S. 684, 689 (69 SC 834, 93 LE 974) (1949); see *Illinois v. Somerville*, supra at 470; *Abdi v. State*, supra at 828.

Further, in *State v. Abdi*, 162 Ga. App. 20 (288 SE2d 772) (1982), aff'd, *Abdi v. State*, supra, this Court "pointed out that mistrial does not bar retrial if the termination of the trial was not improper. . . . [S]ection (e) (2) (B) of OCGA § 16-1-8 declares that the termination of a trial is not improper if prejudicial conduct in or out of the courtroom makes it impossible to proceed with the trial without injustice to the defendant. The State has just as much right to proceed to trial 'without injustice' as does the defendant. [*State v.*] *Abdi*, [supra at 22]. . . . Even if the trial court had erred in its decision to terminate the trial, . . . the defense injected the matter that resulted in the mistrial. . . . [Cits.] . . . The defendant does not have the right to force the State either to endure a prejudiced trial or forego prosecution entirely." (Punctuation omitted.) *McGarvey v. State*, 186 Ga. App. 562, 563-564 (368 SE2d 127) (1988) (no bar to retrial following mistrial based upon the defendant's counsel referring to the prosecutor's political ambitions during opening statements); see also *Abdi v. State*, supra at 827 (double jeopardy does not bar retrial upon sua

sponte declaration of mistrial based on defense violation of "rape shield" law).

In the case sub judice, appellant's counsel repeatedly referred to incidents and allegations for which she clearly lacked evidentiary support or for which the possibility that evidence was forthcoming was speculative, at best. The trial court responded to these improper references by sustaining objections by the State; by giving curative instructions to the jury; by conducting side bars outside the presence of the jury; and by explaining to appellant's counsel specifically what was lacking as a foundation for the testimony counsel was attempting to elicit from the State's witness and how such foundation could be established. The trial court even allowed appellant's counsel to question a defense witness in the middle of the State's case-in-chief in an effort to establish a foundation for appellant's cross-examination of the victim.

The trial court clearly gave appellant's counsel a great deal of latitude in counsel's attempt to present a defense, and in the process, the court exhausted the available options in dealing with the objectionable conduct of appellant's counsel before determining that the jury had been prejudiced to the extent that they could no longer "separate fact from fiction," and curative instructions would be futile. Cf. *Stevens v. State*, 215 Ga. App. 718, 719 (452 SE2d 176) (1994) (retrial barred because the single objectionable act by defendant's counsel was not "flagrantly unfair," and the trial court considered no other alternatives to mistrial); *Dotson v. State*, 213 Ga. App. 7, 8 (443 SE2d 650) (1994) (retrial barred because no alternatives to mistrial were considered after a single inadvertent admission was made by the defendant); *Foody v. State*, 205 Ga. App. 666, 667 (423 SE2d 423) (1992) (retrial barred because the trial court failed to consider alternatives to the immediate incarceration of the defendant's counsel for contempt, which then necessitated a mistrial).

After reviewing the record and transcripts, we find that the repeated misconduct by appellant's counsel, resulting in the jury's exposure to extensive assertions that were irrelevant, immaterial, highly prejudicial, and wholly lacking in evidentiary support, made it impossible for an impartial verdict to be reached. See *Abdi v. State*, supra at 828-829. Therefore, the trial court did not abuse its discretion in declaring sua sponte a mistrial based on "manifest necessity," and appellant's retrial is not barred by the principles of double jeopardy.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED APRIL 23, 1997 — ▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮ Before Judge Gober.
*Strongwater & Cherniak, Leeza R. Cherniak, Suzanne M. White,*

for appellant.
  G. *Channing Ruskell, Solicitor*, for appellee.